EDWARD T. HAVEN *et al.*, Plaintiffs in Error, *v.* DANIEL GREEN, for the use of William H. Alden, Defendant in Error.

### ERROR TO McHENRY.

A justice of the peace is a competent witness to prove his docket, and to explain entries upon it, as also to identify the cause and parties.

Taking leave to amend a plea which has been demurred to, will be held as equivalent to a confession of the demurrer.

THIS was an action of debt on an appeal bond, brought by defendant in error against plaintiffs in error, on the following bond:

Know all men by these presents, that we, Jasper Haven, Edson G. Haven, and Edmund F. Haven, are held and firmly bound unto Daniel Green, in the penal sum of two hundred dollars, lawful money of the United States, for the payment of which, well and truly to be made, we bind ourselves, our heirs, and administrators, jointly and severally, by these presents. Witness our hands and seals, this 14th day of November, 1857.

The condition of the above obligation is such that, whereas the said Daniel Green did, on the 13th day of November, 1857, before William N. Baldwin, a justice of the peace for the county of McHenry, recover a judgment against the above bounden Edson G. and Edmund F. Haven, for the sum of ninety and seventeen-hundredths dollars, from which judgment the said E. G. and E. F. Haven have taken an appeal to the Circuit Court of the county of McHenry, aforesaid, and in the State of Illinois. Now, if the said Edson and Edmund F. Haven shall prosecute their appeal with effect, and shall pay whatever judgment may be rendered by the court, upon dismissal or trial of said appeal, then the above obligation to be void; otherwise, to remain in full force and effect.

EDMUND F. HAVEN. [SEAL.]
EDSON G. HAVEN. [SEAL.]
JASPER HAVEN. [SEAL.]

Declaration contained three counts. First count is upon said bond, and avers that the judgment recited in the condition of

the bond, as having been recovered on the 13th day of November, 1857, was, in fact, recovered on the 12th day of November, 1857, and was by mistake recited as having been recovered on the 13th; and breach in usual form.

Second count alleges that the judgment was recovered on the 12th of November, 1857, and that the said Edson G. and Edmund F. Haven, being desirous of appealing said suit to the Circuit Court of McHenry county, did, on the 14th day of November, A. D. 1857, execute, etc., the bond hereinbefore set out; that in the condition of said bond it was recited by mistake, that the judgment therein recited was recovered on the 13th day of November, A. D. 1857, when, in fact, the same was recovered on the 12th day of November, A. D. 1857; that the bond was approved, accepted, etc., and appeal granted, etc. Breach in the usual form.

Third count is simply a count on the bond, without reference to any mistake.

To this declaration defendants below pleaded *non est factum.*

Secondly, that defendants had well and truly observed, performed, fulfilled, and kept all and singular the articles, clauses, conditions, payments, and agreements of the condition of the bond by them to be kept, etc.

Similiter to the first plea, and demurrer to the second.

Leave was granted to defendant to amend second plea; but the record nowhere shows that the plea ever was amended, or that the demurrer was ever disposed of in any way, or that the plea was otherwise answered.

The cause was submitted to the court for trial.

The plaintiff read in evidence the above recited bond, and then read in evidence the transcript of judgment from the docket of justice, which shows on its face that the judgment was rendered on the twelfth of November, A. D. 1857, " against E. G. and E. F. Haven."

Defendants objected to the reading of the transcript. Court overruled the objection, and defendants excepted.

Plaintiff below then called *William N. Baldwin,* the justice of the peace before whom the judgment was rendered, who testified that the judgment recited in the transcript, was the judgment appealed from, and to appeal which the bond read in evidence was filed, and that the discrepancy between the bond and transcript was caused by mistake, as the trial commenced on the 12th of November, 1857, and closed on the 13th day of November, 1857.

To all of which evidence the defendants below objected. Court overruled the objection, and defendants excepted.

Records of the Circuit Court were read, which showed that

in the case of *Daniel Green* v. *Edson G. and Edmund F*
*Haven,* the appeal was dismissed.

The court found for the plaintiff, and rendered judgment in his
favor for $200 debt, and $100 damages. Exception by de-
fendant.

The errors assigned are,

That the court erred in allowing the transcript from the
docket of the justice to be read in evidence.

That the court erred in allowing the testimony of William
N. Baldwin, the justice, to be received in evidence.

That the court erred in finding for the plaintiff upon the
evidence.

That the court erred in rendering judgment for the plaintiff
while the issue tendered by defendant's second plea remained
undisposed of.

And that the court erred in rendering judgment aforesaid,
in manner and form aforesaid.

GLOVER, COOK & CAMPBELL, and H. S. HANCHETT, for Plain-
tiffs in Error.

CHURCH & KERR, for Defendant in Error.

BREESE, J. We do not think any of the points made by the
plaintiffs in error are substantial. The facts do not show a
variance; such was not the question before the court. The
questions were those of identity merely. Was the judgment
rendered on the day named in the bond, and against the parties
named as having made it? Neither of the cases cited by the
plaintiffs, have any bearing on the questions here. The case
of *Garfield,* 22 Ill. 100, decides only, that the entry upon a
justice's docket was a judgment in bar; and the policy of the
law forbids that parol proof should be admitted to show that the
justice originally entered a judgment of non-suit, and afterwards
changed it to a judgment in bar.

The other case of *Cunningham* v. *Wren,* 23 ib. 64, decides
that a court of law cannot reform a contract in which there is
a mistake. No reform of this bond was sought, or was neces-
sary. There were proper averments in the declaration to admit
the proof of a misrecital of the day on which the judgment
was in fact rendered.

But really, taking the testimony of the justice of the peace
who rendered the judgment, as to the fact, the judgment was
really entered on the thirteenth, as the bond recites. He says
the trial commenced on the twelfth, and was concluded on the

thirteenth, and of course, judgment must have been entered on that day. The mistake was in his docket.

This proof covers the third count in the declaration, which does not allege any misrecital or mistake. That the justice of the peace was a competent witness to prove what was sought to be proved by him, cannot be questioned. He may always be called to prove his docket and sustain it, and explain apparent mistaken entries upon it, and to identify the cause and the parties, as in this case.

Upon the other point, that the issue tendered by the second plea, was not disposed of, we have to say that, though the demurrer to this plea was not formally sustained, yet it shows, that the defendant had leave to amend his plea, a liberty of which he did not choose to avail. Taking leave to amend a plea which is demurred to, ought to be held as equivalent, at least, to confessing the demurrer. But if it be not so, we have said, in the case of *Parker* v. *Palmer*, 22 Ill. 489, if an unanswered demurrer is on record, and the party filing it, goes to trial by consent, it will not be cause for reversal of the judgment.

We do not think any of the grounds assumed by the plaintiffs are tenable, and accordingly affirm the judgment of the Circuit Court.

*Judgment affirmed.*