# Cummings *versus* Boyd.

1. While the rules of special pleading require pleas to be single, yet a party is not precluded from introducing several facts into one plea provided they all tend to produce but a single issue.

2. A special plea averring fraud is not bad because it amounts only to the general issue, for strictly the allegation of fraud can only be introduced through or by means of special pleading.

3. The holder of an accommodation note, pledged as collateral security for an antecedent debt, is not a purchaser for value, and the note in his hands may be impeached for fraud in its making or procurement.

4. Judgment in the court below having been entered for the plaintiff upon a demurrer to a long and complicated special plea, the Supreme Court reversed the same and entered judgment for defendant.   Upon a rule to show cause why this judgment should not be set aside : *Held,* that owing to the peculiar circumstances of this case the judgment of the court below is reversed, and the record ordered to be remitted to determine whether a new trial shall be granted, and to make such order in the premises as to justice may belong.

5. Per Curiam.—Ordinarily a party who rests his cause upon a demurrer when he might have had a trial upon the facts of the plea, and then the benefit of the legal question, will not be helped out of the position he has voluntarily assumed.

[Cummings v. Boyd.]

January 30th 1877. Before AGNEW, C. J., SHARSWOOD, MER-
CUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 2, of *Philadelphia
county* : Of July Term 1876, No. 74.

Assumpsit brought by James W. Boyd, the holder of a promis-
sory note, against Robert D. Cummings, who endorsed said note
for the accommodation of Isaac Barton & Son, the makers.

The pleas were non-assumpsit, payment with leave, &c., and the
case proceeded to trial, when at bar the defendants filed the follow-
ing special plea :—

"And now, on motion of J. M. Moyer, the defendant amends his
pleadings as follows, by leave of the court first had and obtained,
for a further plea in that behalf, sayeth: The said plaintiff ought
not to have or maintain his aforesaid action, because he sayeth that
the note on which the above action is brought was obtained from
the defendant by the said Barton through misrepresentation and
fraud; that the said Barton, at and before the signing of said notes
by this defendant, represented and pretended that he was the owner
in his own right of goods and chattels and property of the clear
value of over one hundred thousand dollars; that he was worth
over one hundred thousand dollars above all his liabilities, and that
upon the faith of said representations and pretences the said defend-
ant, then and there, signed said note. Also, that defendant signed
said note in blank, under the express promise and representation by
the said Barton, that it was to be a note for six hundred dollars,
and that the said Barton afterwards filled up said note for the sum
of · fourteen hundred ·and thirty-seven dollars, in violation of his
said contract with the defendant; also, that the plaintiff is holding
said note only as collateral security for a pre-existing debt, and
that he has not delivered up to the said Barton the evidence of said
indebtedness, but still holds and retains the same against the said
Barton; also, that the said plaintiff received into his possession
the said note, as a note-broker, from the said Barton, to sell the same
in the market, and was to return to the said Barton the proceeds
thereof; that he advanced five hundred dollars on account of said note
to the said Barton, and that that is all the consideration received by
the said Barton from the said Boyd; and that the defendant has
paid to the said Boyd the said five hundred dollars in full accord
and satisfaction of said note; also, that the said plaintiff had know-
ledge of the insolvency of the said Barton at the time of the
delivery to him of said note by said Barton; that at the time of the
aforesaid representations and pretences by the said Barton, he, the
said Barton, was wholly insolvent and unable to pay his debts, and
that he was not then and there the owner in his own right of pro-
perty, goods and chattels of the value of over one hundred thousand
dollars above his liabilities."

The plaintiff demurred to this plea, and set forth the following

[Cummings *v.* Boyd.]

among other causes of demurrer: That said plea amounts to the plea of non-assumpsit; that it is double and contradictory in that it sets forth that the defendant made the endorsement sued on upon the representations of one Barton that he was the owner of property of great value; that the said endorsement was made in blank, on the representation and agreement that it would be filled up for the sum of $600; that it sets up an alleged accord and satisfaction; that said plea is further double and contradictory in that it avers that plaintiff received said note only as collateral security for a preceding debt; that he advanced $500 on the faith thereof; and that the plaintiff received said note for the purposes of sale, and to return the proceeds thereof to said Barton; that said plea does not set forth any fact invalidating his said contract of endorsement in the hands of a bonâ fide holder for value, and does not show that the plaintiff was not such holder, but, on the contrary thereof, distinctly shows that the plaintiff received said note for full value; that said plea does not show that said alleged representations of said Barton, respecting his property, were known by said Barton to be false, and were made with the purpose of inducing said defendant to give said endorsement; that said plea lacks certainty of time and place, in that the time at which some of the alleged facts therein set forth is given, nor are any of said facts alleged to have happened at any definite or specific place.

Without a decision upon the questions raised by the demurrer the trial proceeded, and a verdict was rendered for the plaintiff for $1030.34, the amount claimed. The court subsequently, upon argument, sustained the demurrer, stating that they found the plea sufficient in form, but insufficient in substance, and entered judgment in favor of the plaintiff on the demurrer.

The defendant then took this writ, alleging this action of the court for error.

*J. M. Moyer*, for plaintiff in error.—The holder of an accommodation note or endorsement obtained by the payee through misrepresentation or fraud, when he is not a holder for a present consideration, but simply as a collateral security for an antecedent debt, without surrendering the evidences of such prior debt, is not a purchaser for value: Coddington *v.* Bay, 20 Johns. 637; Stalker *v.* M'Donald, 6 Hill 93; Homes *v.* Smyth, 4 Shepley (Me.) 177; Bright *v.* Judson, 47 Barb. 29; Atlantic Nat. Bank *v.* Franklin, 55 N. Y. 235; Kirkpatrick *v.* Muirhead, 4 Harris 123; Petrie *v.* Clark, 11 S. & R. 377; Walker *v.* Geisse, 4 Whart. 258; Depeau *v.* Waddington, 6 Id. 220.

This case is not governed by the ordinary rule that an accommodation endorser cannot plead the want of consideration in an action by a holder, who received the note as a collateral security for an antecedent debt, because of the fraud here perpetrated upon Cum-

[Cummings v. Boyd.]

mings at the time of the endorsement.    Had he not been deceived
by the gross misrepresentations of the accommodation endorser, he
would not have given his endorsement.    The cases of Appleton v.
Donaldson, 3 Barr 381, and Lord v. The Ocean Bank, 8 Harris 384,
and the subsequent authorities, were cases untainted by legal fraud.
The present case is, therefore, within the ruling in Lenheim v. Wil-
marding, 5 P. F. Smith 75, that when a fraud is perpetrated upon
the maker, and the note passes into the hands of a third party
simply as a collateral and not for a *new and valuable* consideration,
there can be no recovery.    See also Ashton's Appeal, 23 P. F.
Smith 162; Gray's Administrators v. The Bank of Kentucky, 5
Casey 367; Hutchinson v. Boggs & Kirk, 4 Casey 294.

A special plea will not be denied because it amounts to the general
issue: Bauer v. Roth, 4 Rawle 83.    Fraud must be specially pleaded:
Clark v. Partridge, 2 Barr 13; Renshaw v. Gans, 7 Id. 117; Com-
wealth v. Meckling, 2 Watts 130; Burk v. Huber, Id. 311; Upde-
graff v. Spring, 11 S. & R. 188.    A plea is not bad for duplicity, if
one or more of the averments be mere surplusage: Webber v. Shear-
man, 3 Hill 547; McFate v. Shallcross, 1 Phila. R. 75.

*J. Howard Gendell* and *E. Spencer Miller*, for defendant in
error.—Where a plea amounts to the general issue, it must be so
pleaded: 1 Chitty Pl. *527; Stephens's Pl. 360.    Facts which
can be given in evidence under the general issue cannot be specially
pleaded: M'Bride v. Duncan, 1 Whart. 269; Strawn v. Park, 1
Phila. R. 178; Dawson v. Tibbs, 4 Yeates 349; Falconer v. Smith,
6 Harris 130.

The plea is double and uncertain in many respects.    Which of
the six different points which it makes ought the plaintiff to traverse?
Is it right to ask him, in the midst of a jury trial, to deny one only
of these allegations and to admit all the rest?

It is well settled that an endorsement in blank is an authority to
fill in any amount.    If there is any limitation in the authority,
notice must be brought home to the holder.    The allegations re-
specting the representations of Barton do not constitute a defence.
No scienter is averred.    It matters little, however, what took place
between the maker and endorser of the note, if the holder is a bonâ
fide purchaser for value, without notice.    There is no intimation in
the plea of notice to the plaintiff, and the whole question turns
upon the consideration given by him.    In Lord v. The Ocean Bank,
8 Harris 384, and in a long line of cases following it, it was held
that the receipt of *accommodation* paper as collateral for an ante-
cedent debt is a giving of value.    In Petrie v. Clark, 11 S. & R.
377, it was said the giving of time would be a present and valu-
able consideration, and a pledge on these terms would be the same
as a pledge for money paid down; and in Depeau v. Waddington,

[Cummings *v.* Boyd.]

6 Whart. 220, it was held that if time was given in consideration of obtaining the note as a security for the debt, the plaintiff was a bonâ fide holder for value. Is not the payment of $500 in this case, in addition to the former debt, quite as valuable as the extension of time? In accord with this view also is Washington Bank *v.* Lewis, 22 Pick. 24.

Mr. Justice Gordon delivered the opinion of the court, February 12th 1877.

We agree with the court below that the plea of the defendant is sufficient in form, and that, so far, the matter was well ruled. Whilst the rules of special pleading require pleas to be single, yet the defendant is not precluded from introducing several facts into one plea, provided all tend to produce but a single issue. The matter alleged is the procurement by Barton of the note in suit by false and fraudulent representations, but as this of itself would not be sufficient to affect the holder, a statement is added showing the plaintiff to be a holder without consideration, except as to the sum of $500, advanced at the time of the receipt of the note, and which the plea states was paid by the defendant to the plaintiff. It will be seen, therefore, that this statement of these several facts is necessary to a single issue, and the omission of any one of them would leave the plea defective. That the plea is bad because it amounts only to the general issue, non-assumpsit, is negatived by the consideration that, strictly, the allegation of fraud can only be introduced through or by the means of special pleading: Clark *v.* Partridge, 2 Barr 13. We do not, however, agree with the learned judge in holding the plea to be insufficient in matter of substance. Whilst it is true that accommodation paper may be pledged as collateral security for an antecedent debt, yet this is so because such paper is a loan of the maker's or endorser's credit to the extent of the value of the note, and without restriction as to the manner of its use: Appleton *v.* Donaldson, 3 Barr 381. Nevertheless, such holder is not a purchaser for value, and the note in his hands may be impeached for fraud in its making or procurement: Ashton's Appeal, 23 P. F. Smith 153; Hutchinson *v.* Boggs, 4 Casey 294. Now the plea under consideration sets out that this, an accommodation note, was obtained from the defendant by Barton, the payee, under false and fraudulent representations, as that he was worth, above all liabilities, one hundred thousand dollars or more, whereas, in fact, he was insolvent; that he expressly promised to fill up the paper, which was signed in blank, in a sum of not more than six hundred dollars, whereas, he made it fourteen hundred and thirty-seven dollars. We have no hesitation in saying that the facts thus set out, and admitted by the demurrer, are sufficient to put an ordinary holder to proof of value, and consequently to defeat the claim of

[Cummings v. Boyd.]

one who, like the plaintiff, holds only as pledgee for the security of a pre-existing debt.

> The judgment of the court below is reversed, and it is now ordered that judgment be entered for the defendant.

Subsequently, upon a rule to show cause why the entry of judgment for the defendants below should not be stricken off or set aside and the record remitted for further proceedings, the following judgment was entered by this court on the 12th of March 1877,

PER CURIAM.—Under the peculiar circumstances of this case we think our judgment should be modified. On the trial of the cause, the defendant filed a long and somewhat complicated special plea, so much so as to give it the color of duplicity and contradictiveness, as well as of insufficiency. The court below took that view of it. These circumstances indicate the strong inducement of the plaintiff to rely on a demurrer. Now, though we have reversed the judgment in demurrer, it was upon grounds that did not seem to have struck the minds of counsel or court. The result, therefore, has had the same effect as when a party is taken by surprise by a new plea. Ordinarily a party who rests his cause upon a demurrer, when he might have had a trial upon the facts of the plea, and then the benefit of the legal question, will not be helped out of the position he has voluntarily assumed; but this case is exceptional in its circumstances. It is therefore ordered that the judgment of the court below on the demurrer be reversed, and that the record be remitted to that court to determine whether a new trial shall be granted, and to make such order in the premises as to right and justice may belong.