# Plunkett, Appellant, *v.* Hamnett.

*Practice, C. P.—Statement of claim—Insufficiency of statement—Check —Pleading.*

A statement of claim in assumpsit which sets out a writing showing that the defendant had received from the plaintiff " a check for $500 to be paid on account of Rankin property or returned," and alleges that payment had not been made by defendant on account of the Rankin property, and that a demand for repayment of $500 had been refused, is insufficient to establish a cause of action, inasmuch as the plaintiff is bound to aver that the defendant or some person for him or through him obtained the money on the check.

While technicality of pleading is now greatly relaxed, the procedure act of 1887 still requires the declaration in assumpsit and trespass to be not only a concise statement of the plaintiff's claim, but to set forth with completeness the ground on which the plaintiff seeks to recover. All of the elements of a complete cause of action must be clearly set forth. Formality is not required, but substance cannot be dispensed with.

Argued April 15, 1908. Appeal, No. 26, April T., 1908, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1907, No. 530, sustaining demurrer in case of Thomas E. Plunkett v. T. Leo Hamnett. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Demurrer to statement of claim in assumpsit.

The statement of claim was as follows:

The plaintiff avers that on September 17, 1906, he handed to T. Leo Hamnett the sum of $500 and received from the said defendant the following agreement:

"PITTSBURG, PA., 9–17, 1906.

" 500.

"Received of Thomas E. Plunkett, check for Five Hundred ($500) Dollars to be paid on account of Rankin property or returned.

(Signed)    "T. LEO HAMNETT."

The above being a true copy of original which is now in the possession of the plaintiff.

The plaintiff avers that on October 17, 1906, he demanded from the said defendant the sum of $500 and again on November 7, 1906, through his attorneys, Hudson & Howley, he demanded in writing from the said T. Leo Hamnett the sum of $500, the following of which is a copy:

"PITTSBURG, PA., Nov. 7th, 1906.

"Mr. T. L. Hamnett,
    "Hawthorn & Roslyn Sts.,
        "Swissvale, Pa.

"DEAR SIR: You are hereby notified that Mr. Thomas E. Plunkett wants the $500.00 for which you gave him a receipt on the 17th of October, 1906, returned to him on or before next Monday, the 12th of November; otherwise suit will be instituted against you to have same returned.

"Very truly
(Signed)    "HUDSON & HOWLEY."

The plaintiff further avers that the said T. Leo Hamnett failed and refused to return the said $500 with interest thereon. The plaintiff further avers that the said T. Leo Hamnett did not pay on account of the Rankin property the said $500 and thereby the plaintiff is entitled to have the same returned in accordance with the written agreement. The plaintiff avers that although he has demanded from the said T. Leo Hamnett the sum of $500, yet the said defendant has failed and refused and still refuses to pay the said $500 to the plaintiff or anyone for his use.

The plaintiff avers that the said T. Leo Hamnett is indebted to him in the sum of $500, with interest thereon from October 17, 1906, for which he brings this suit.

The court sustained the demurrer.

*Error assigned* was in sustaining the demurrer.

*W. A. Hudson,* with him *Joseph Howley,* for appellant.

*Galen C. Hartman,* for appellee.

Opinion by Henderson, J., July 15, 1908:

The plaintiff's action is in assumpsit for money alleged to be due on a written agreement set out in the statement of claim in the following form:

"Pittsburg, Pa., 9–17, 1906.

"$500.

"Received of Thomas E. Plunkett, check for Five Hundred ($500) Dollars to be paid on account of Rankin property or returned.

(Signed)   "T. Leo Hamnett."

the allegation being that payment was not made by the defendant on account of the Rankin property and that upon demand made by the plaintiff's attorney the defendant failed and refused to pay to the plaintiff $500. A radical defect in the statement of claim is that it is not averred that the defendant received the money on the check or that it was paid by the bank on which it was drawn to any person. It is true the declaration avers that the plaintiff "handed" to the defendant the sum of $500, but this is in immediate connection with the averment that the plaintiff received from the defendant the agreement above quoted. There can be no doubt, therefore, that what the defendant received from the plaintiff was not money but a check, and unless the defendant or some person for him or through him obtained the money on the check from the plaintiff's funds in bank the defendant does not owe the plaintiff the amount of the check. The latter may have some remedy to recover the check, but the defendant did not become liable to him for the sum named therein by merely receiving it into his possession. While technicality of pleading is now greatly relaxed, the procedure act of 1887 still requires the declaration in assumpsit and trespass to be not only a concise statement of the plaintiff's claim, but to set forth with completeness the ground on which the plaintiff seeks to recover. All of the elements of a complete cause of action must be clearly set forth. Formality is not required, but substance cannot be dispensed with. There is no presump-

tion that the check delivered by the plaintiff to the defendant was paid, and without an averment of this material fact the statement of claim does not set forth a liability on the part of the defendant which would sustain the action.

The judgment is affirmed.