Opinion by
Morrison, J.,
On November 15, 1906, this action in assumpsit was commenced and the plaintiff filed his declaration and affidavit of claim. November 22, 1906, demurrer filed; December 24, 1906, on argument list and demurrer sustained and plaintiff allowed ten days to file supplemental statement or declaration; May 23, 1907, appeal by plaintiff to the Superior Court. On July 15,1908, the judgment of the court below sustaining the demurrer was affirmed *100 without a procedendo or any order remitting the case to the court below: Plunkett v. Hamnett, 36 Pa. Superior Ct. 590. On July 22, 1908, plaintiff filed his amended statement. On July 28, 1908, the record was returned from the Superior Court and filed in the court below showing judgment affirmed. Notice of the filing of the amended statement was served on defendant’s attorney September 14, 1908. On September 21, 1908, defendant filed an affidavit of defense in which he alleged among other things that “the defendant claims that the plaintiff has no legal right to file an amended affidavit of claim in the above case after having taken his case to the Superior Court upon the affidavit of claim heretofore filed.
“Second. That he has no right to proceed in this case until the costs have been paid upon the said Superior Court proceedings.” The defendant was next ruled to plead and on January 19, 1909, he filed the following plea: “And now, to wit, January 19, 1909, comes defendant by his attorney, Galen C. Hartman, Esq., and pleads non assumpsit and special matters set up in the affidavit of defense in abatement of the action.”
The case was subsequently tried before the court and a jury and a verdict rendered in favor of the plaintiff for $639.92 and judgment having been entered on said verdict on September 25, 1911, the defendant appealed to this court.
It will be noticed that when the demurrer was sustained to the plaintiff’s declaration the court allowed him ten days in which to file an amended declaration. But the plaintiff’s learned counsel saw fit to treat the order sustaining the demurrer as a final judgment, declined to amend their declaration and appealed to this court, and, as we have already said, the judgment of the court below sustaining the demurrer was affirmed. The record shows that although the demurrer was sustained on December 24, 1906, and plaintiff allowed ten days to file a supplemental statement or declaration, that no amended declaration was filed until July 22, 1908, and this was done without *101 leave of court. At this time the record was in the Superior Court as it was not returned and filed in the court below until July 28, 1908. It may be contended that the short entry “demurrer sustained” was not, strictly speaking, a final judgment, but in view of the fact that the plaintiff and his counsel treated it as such, appealed to this court and made up their record as an appeal from the judgment of the court below, and this court considered it as a judgment and affirmed it, we think the plaintiff is now concluded and that he cannot be heard to say that what he appealed from was not a final judgment. In Wood v. Anderson, 25 Pa. 407, it was held as stated in the syllabus: “An order of the court sustaining a demurrer to a declaration, is in substance a judgment that the plaintiff take nothing, and the defendant go without day, and have his costs.
“An amendment of the declaration, allowed several years after such order, is a nullity, as there was no case pending to which the amendment could apply.
“In such cases, an amendment will be allowed at the time of judgment, or during the term, upon proper terms, if the plaintiff shows that he has a good cause of action.”
In Green v. Worth Brothers Company, etc., 223 Pa. 604, it was held (syllabus): “Where a judgment is entered for defendants on a demurrer to a statement in trespass on the ground that the acts complained of were not joint acts, the judgment is final and ends the case, and thereafter the court has no authority to allow an amendment of the record by striking therefrom the name of one of the parties.” See also authorities cited in that case.
The learned counsel for appellant well says: “When the plaintiff in this case declined to amend within ten days and appealed the judgment became final. He waived his right to amend under the order. Even if the order sustaining the demurrer was not in itself a final decree, as some cases seem to hold, the plaintiff made it so by appealing — in effect thereby admitting that he could file no better statement. He stood on his statement and chai *102 lenged the court as to its sufficiency. He treated the order sustaining the demurrer as final. As is said in Bradly v. Potts, 155 Pa. 418 (see p. 427): “The established and only way to raise that question (sufficiency of the statement) is by demurrer. On that the rights of the parties can be adjudicated, and the case ended or ordered to proceed!”
In the present case the plaintiff’s counsel chose to treat the order sustaining the demurrer as a final judgment by dechning to amend their statement and appealing to this court where a final judgment was entered against the plaintiff, affirming the judgment of the court below sustaining the demurrer. The court below did not allow the record to be amended but the plaintiff’s counsel attempted to amend the declaration after this court had affirmed the order of the court below and while the record remained in the Superior Court and nearly two years after the expiration of the ten days allowed by the lower court for the amendment to be filed. We think the effect of the affirmance of the judgment by this court ended the case; it was in effect a judgment that the plaintiff take nothing, and the defendant go without day and have his costs. This view renders the whole proceeding in the lower court, after the record was returned from this court, irregular and illegal. In Cummings v. Boyd, 83 Pa. 372, it was said by the Supreme Court: “Ordinarily a party who rests his cause upon a demurrer, when he might have had a trial upon the facts of the plea, and then the benefit of the légal question, will not be helped out of the position he has voluntarily assumed.”
The plaintiff could easily have amended his declaration, under the ten-day leave, and have gone to trial on the merits, but he saw fit to appeal and take the final judgment of this court which we think, on the facts of the ease, concludes him. It must be borne in mind that the second trial was in the same case and the learned court below was bound to take notice of the condition of the record.
In 31 Cyc. 356, it is said: “It has been held too late to *103 amend after judgment sustaining a demurrer and dismissal of the action has been affirmed on appeal; but an amendment may be made after a judgment overruling a demurrer has been reversed on appeal, providing the remittitur has not yet been made the judgment of the trial court. If amending or pleading over will not help the case, leave may be refused and the judgment made final. If the party declines to amend in the lower court, he cannot obtain leave on appeal. Asking leave to amend a pleading which has been demurred to is equivalent to confessing the demurrer.” The author cites as footnotes the following cases: Central R. R. & Banking Co. v. Paterson, 87 Ga. 646, s. c., 13 S. E. Repr. 525; People v. Jackson, 24 Cal. 630; Ridgway v. Bogan, 12 Pac. Repr. 343; Brown v. Tracy, 9 How. Pr. (N. Y.) 93; Augusta R. Ry. Co. v. Andrews, 92 Ga. 706, 19 S. E. Repr. 713; Haven v. Green, 26 Ill. 252.
But it is contended for plaintiff that the defendant waived all right to make this defense by pleading to the merits and going to trial on the amended declaration. However, the defendant raised this question in the affidavit of defense and in his plea, and this we think he could do. He was ruled to plead and could not avoid so doing. He pleaded not only the general issue but the sustained demurrer and the judgment of this court thereon in bar of the action. We think this sufficient to save his rights. In 1 Johnson’s Practice in Penna., p. 582, par. 30, it is said: “While it has been held that lis pendens must be pleaded in abatement and not in bar, this rule does not apply to res adjudicata or former recovery. The latter may, like estoppel, be pleaded any time before verdict, and may be taken advantage of in bar, under the general issue.” See also Miller v. Rohrer, 127 Pa. 384; Finley v. Hanbest, 30 Pa. 190. Whether the former suit was for the same cause of action is a question of law for the court whenever it is determinable by the pleadings: Goodhart v. Bishop, 142 Pa. 416; Kay v. Gray, 30 Pa. Superior Ct. 450.
*104 ■ We deem it unnecessary to discuss the numerous assignments of error separately because the first', assignment asked the court for a binding instruction that “under all ■the evidence your verdict must be for the defendant,” and .it must be sustained.
The judgment is reversed and judgment is here granted for the defendant.