## Vanarsdale *et al.* *versus* Laverty.

1. The right of petition is not so sacred, that the private purposes and motives of the petitioners may not be inquired into.

2. A groundless petition, instigated only by malice, is not the *right* of any citizen, if it results in harm to its object.

3. Citizens remonstrated to the school directors against appointing the plaintiff teacher, stating no reasons for their objection. They had a right to remonstrate, but the right could not be made the means for gratifying malice and enmity.

4. The plaintiff was rejected by the board after the presentation of the remonstrance; he at the time had no certificate from the county superintendent; this did not prevent his recovery, if the remonstrance was malicious and did him damage.

5. After his rejection, the plaintiff obtained another school at a higher salary. This would be in mitigation, but did not bar his recovery. The wrong was complete when he lost his place by the malice of the defendants.

May 11th 1871. Before AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Cumberland county*: Of May Term 1871, No 81.

This was an action on the case for conspiracy, brought August 22d 1868, by Jesse Laverty against Joseph Vanarsdale, William Bender, Simon Pratz, John Roth, John M. Epley, Jesse Kurtz, Samuel D. Holtz, George Bowers, Daniel Stouffer, Martin Renninger and Daniel Pratz.

The declaration charged that the defendants, knowing that the plaintiff's employment as a teacher enabled him to support his family, but intending to injure him, conspired and combined by false and malicious representations, to petition the board of school directors against him, prevented them from employing him and thus prevented him from obtaining a support for his family by teaching.

The case was tried before and resulted in a verdict for the defendants; the judgment was reversed by the Supreme Court and a *venire de novo* awarded (15 P. F. Smith 507).

The petition was drawn by Vanarsdale and signed by himself

and all the defendants except Simon Pratz; Vanarsdale procured all the signatures. The petition is in these words:

"August 8th 1868. We, the patrons of school No. 4, take this method to inform the school board of East Pennsborough, that we do not wish them to employ Jesse Laverty as teacher for the coming term, under any circumstances, but we will accept any other teacher that is competent that the board may select. We respectfully subscribe our names, with full confidence that you will grant us our request."

The cause was tried November 23d 1870, before Graham, P. J.

H. Booser, for plaintiff, testified: "In 1867 and. 1868 I was a school director. School-house No. 4 was under my particular care. Jesse Laverty taught in the winter of 1867. Promised him; knew him ten years; he has been teaching all that time. There was no objection at that time. It was left to me by the board to nominate for that house. No complaint was brought to me while he was teaching for 1867. Joseph Vanarsdale's son handed the request to me at Banks' store. I opened the paper, looked at it, and put it in my pocket. Mr. Banks and myself went to the school-house where the examination of teachers was. After the examination had been in session awhile, William Sadler asked me if I had an applicant for my school-house, No. 4. I told him that Eshleman and Laverty had made application. Sadler said, 'Booser, you can't give it.' Banks, William Sadler, Swartz, Jacob Bashore, and myself were the members of the Board present. * * * I had control of school No. 4 as far as the nomination of a teacher was concerned. I appointed Laverty in 1867. There was no action taken on his part in 1868. After presenting the paper and hearing the expression on it, I put it in my pocket, and made no nomination; I made no nomination for the school that day. Simon Shumbarger got the school. * * * I think Laverty received forty dollars a month. The county superintendent was present to examine teachers. The day was August 8th 1868. * * * Simon Pratz didn't live in No. 4 district at the time. Had a few words in the latter end of May or beginning of June 1868, with Simon Pratz concerning Laverty. He said he didn't hope I would give that school, No. 4, to Laverty again. He said he had met Laverty on the road, and they had an altercation; Pratz said Laverty wasn't fit to teach, or something to that effect. Something about the talk in this altercation on the road, was why he wasn't fit to teach. He told me they disputed something about the passing, that Laverty didn't give him the road. None of the signers of the paper came to the meeting of the school board on August 8th. Pratz said that he and Laverty had fell out, and L. wasn't fit to teach. * * * I told Laverty to be down at Fairview at the school-house where the examination was to be held; he told me he would if he could. * * *

No certificate from the proper quarter was laid before the board, in reference to Laverty, that day. Between the examination and the school term, the appointment was made for the school. Laverty made no other application for the school. Did not offer himself for examination.

John Pratz testified: "Vanarsdale brought the paper to my house, and he says, 'I had a favor done to me the other day;' I asked him what. He said Mr. Laverty sent him the sheriff for taxes that was back. Vanarsdale had been tax collector. My woman spoke in and said, 'Oh, you were the tax collector;' and he said, 'I had my pockets picked in Harrisburg, and couldn't pay the taxes.' He pulled the paper out of his pocket and asked me to sign it. I shook my head at it, and told him I thought not. He says, 'John, one good favor deserves another.' He said then, 'if you knew how Laverty used your boy, you would sign this paper.' I told him the boy stopped off going to school, and the reason we never asked him. He told me that Laverty abused my boy severely, and caught him by the hair of the head and threw him down on the floor. I said then, if Laverty used my boy that way, he should put my name down too. He asked me to write my name down, and I told him I couldn't, and if he wanted it he should put it there himself. I told him to put the mark there and it would be all right." * * *

Charles Zimmerman testified: * * * "Last winter a year Bender came to me and said he signed the paper on account of the assessment. I said I had no reason to sign it."

The plaintiff offered the record of suit, County v. Vanarsdale, and judgment No. 62, August Term 1868, to show that suit was brought against Vanarsdale by the county, to be followed by evidence that Laverty had nothing to do with the bringing of this suit, and this with the view to show the conduct of Vanarsdale, and that the reason assigned by him, that Laverty sent him the sheriff, was false.

The offer was objected to by the defendants, admitted and a bill of exceptions sealed.

The plaintiff gave much other evidence in support of the issue on his part.

The defendants gave evidence that the county superintendent held an examination of teachers for school No. 4 in August 1868; that the plaintiff was not examined; that he received no certificate; he never applied for one.

They gave evidence also by the school directors to show that they would not have appointed the plaintiff to the school if no remonstrance had been presented; also that the plaintiff had a school at Marysville during the time he was excluded from school No. 4, at a higher salary.

The defendants called Samuel Hume, who testified as follows:

[Vanarsdale *v.* Laverty.]

" At the time I had the talk with Laverty I thought it was only a little joke between us.  Laverty asked me if I attended market, and I told him I did not."

The defendants then offered to prove by witness that before the signing of the petition complained of by the plaintiff, and as a reason for Vanarsdale signing, he objected to Laverty on account of his moral character, as testified to by Daniel Pratz, one of plaintiff's witnesses—that Laverty wanted witness to go with him to a house of prostitution in Harrisburg, that he (Laverty) might be with the fancy women, and have a little sport out of them ; and Laverty gave as a reason for this, that his wife treated him like a brute, and that he was tired being with a damned idiot.  That witness and Vanarsdale both spoke of this same thing together afterwards, and he told Vanarsdale that Laverty told him the same thing.

The plaintiff objected.

[Court: The offer is evidence to repel the presumption of malice. If the facts offered were brought to the knowledge of Vanarsdale before paper signed, he may have signed this paper through proper motives ; if after he signed, the offer is not evidence, and as defendant says it was before, and the plaintiff says it was after the paper was signed, we must hear the witness as to the time the offer occurred."

" Witness : I had no conversation with Vanarsdale till after the suit brought."

Court: " The offer is rejected, defendants except and bill sealed."]

The defendants 6th and 7th points with the answers were :—

6. Inasmuch as Mr. Laverty was not examined in 1868, and had not received a certificate according to the provisions of the Act of 1867, to qualify him to teach in 1868, he could not lawfully have been appointed to teach school No. 4 ; and no damage *of any kind* could therefore arise to him from the remonstrance, by reason of his not getting said school ; and therefore plaintiff is not entitled to recover against any of the defendants.

Answer : " We decline instructing you that the facts stated in this point will defeat a recovery by the plaintiff.  The evidence is that school No. 4 was not awarded to any teacher at the meeting of the directors and county superintendent on the 8th August, but a teacher was afterwards appointed.  And if the school had been offered to Laverty on the 8th of August, he might have obtained a certificate and qualified himself in that respect before the commencement of the school.  If defendants acted maliciously and did prevent Laverty from obtaining the school by their malicious conduct, and thus caused damage to him, they cannot now screen their bad conduct by alleging that the plaintiff on the 8th August had not obtained a certificate."

[Vanarsdale *v.* Laverty.]

· 7. The plaintiff having shown by his own witnesses that, for the period during which he alleges he was kept by defendants out of school No. 4, he was engaged in the same occupation of a school teacher in Marysville, at a higher salary than was paid at school No. 4, he has by his own showing sustained no damage, and therefore cannot recover. An act that has a mere tendency to injure, without actually doing injury, is not actionable.

Answer : " We cannot answer this point as requested. If the defendants, or any of them, maliciously and unlawfully caused damage to the plaintiff, they cannot avoid the consequences of their wrongful acts by showing that Laverty obtained employment equally remunerative as that of which they deprived him. An act that has a mere tendency to injure, without actually doing an injury, is not actionable."

The court also charged·: * * * "If the defendants signed the paper with a common intent and object in view, and through malice, ill-will or revenge, wrongfully to injure and aggrieve the plaintiff, and it did result in actual damage to the plaintiff, this in law would make it the joint act of those signing; although they may not have met in consultation to devise or arrange any plan to carry out a joint object, nor any two of the defendants signed at the same time.

[" The defendants' counsel insist that the right of petition is a legal right, and there can be no wrong which is actionable committed in the exercise of a legal right. If this position is correct there can be no recovery. This case was tried in this court and in the Supreme Court, and this same ground then relied upon by defendants' counsel. The Supreme Court have directed another trial, so that we must presume the learned judges of that court considered this ground of defence not tenable when they directed a new trial.]

[" The right of petition is a legal right, but like all other legal rights it may be abused. When exercised honestly and from pure motives for proper purposes, the law throws its shield around those thus using it. But it may not be used to gratify bad feelings and angry passions to the injury of our neighbors. If the defendants, or any one or more of them, signed the paper in evidence, or acted in concert with those who signed it, to effect a common object, and in doing so were induced or prompted by feelings of malice, anger, hatred, ill-will or revenge, and this was the ruling motive which prompted their actions, and their conduct resulted in injury and damage to the plaintiff, then the plaintiff may recover such damages as he has sustained, against the defendants who participated in causing the damages. But if the evidence fails to satisfy you that the plaintiff has sustained any loss or damage by reason of the acts of the defendants, or any of them, then he

cannot recover. So, too, if defendants acted honestly and were influenced by proper motives in opposing the appointment of the plaintiff as teacher in school No. 4, the plaintiff cannot recover. It is therefore an important inquiry to ascertain whether the conduct of defendants, or any of them, resulted in damage to the plaintiff.] * * *

" How the facts were you must determine from all the evidence. [The important inquiries are, 1st. Did the defendants, or any of them, act maliciously and from impure motives, as stated in a former part of our charge? If they did not, but from proper and justifiable motives, then the plaintiff cannot recover. But if you find that their motives were impure and unjustifiable, then you will further inquire whether the acts and conduct of the defendants resulted in injury and damage to the plaintiff, in defeating his appointment as teacher of school No. 4. If the conduct of defendants was not the cause of preventing his appointment, then find for the defendants. But if their conduct, or that of any of them, was prompted by bad feeling and improper motives, and did defeat the appointment of plaintiff to school No. 4, then find for the plaintiff."]

The verdict was for the plaintiff against Joseph Vanarsdale, William Bender and Simon Pratz for $50. They took out a writ of error and assigned for error :—

1. The admission of plaintiff's offer of evidence.

2. The rejection of the defendants' offer.

3, 4 and 5. The portion of the charge in brackets.

9 and 11. The answers to the defendants' 6th and 7th points.

*H. Newsham* and *S. Hepburn, Jr.* (with whom were *S. Hepburn, Sr.*, and *W. H. Miller*), for plaintiffs in error.

*Henderson & Hays* and *W. M. Penrose*, for defendant in error.

The opinion of the court was delivered, October 9th 1871, by

AGNEW, J.—The bills of exception to evidence are not sustained. We feel bound to notice the second so far as to condemn a flagrant omission of a part of the bill from the paper-book. The part printed for us would imply an error. But in that omitted the court ruled that the offer would be evidence, if the facts had been communicated to Vanarsdale before he signed the paper, yet as the plaintiff asserted that the communication was made afterward, the judge said he would first hear the witness as to the *time*. The witness replied that he had no conversation with Vanarsdale till after the suit was brought, and then the judge properly ruled out the offer. A suppression of so material a part of the bill, if

[Vanarsdale v. Laverty.]

purposely done, would deserve the severest censure; but as the omission may have been accidental, we shall notice it no farther.

A careful examination of the charge and answers discovers no error. The instruction to the jury appears to be clear, consistent, and correct. The paper signed by the defendants was a request to the school directors not to employ the plaintiff, under any circumstances, as a teacher in school No. 4 for the coming term. It preferred no charges and gave no reasons, and was a simple expression only of the wishes of the signers. It was the right of these citizens of the district thus to declare their desire. They had a right to express a preference or to declare their objection to any one applying for appointment. They were deeply interested, and had therefore a right to speak out. But we cannot recognise the position to which the argument of the plaintiffs in error leads, that such a right of expression can be made a channel through which men may gratify their malice and enmity. This would be the actual result of the argument that the right of petition is so sacred that the private purposes and motives of the actors cannot be inquired into. If they cannot, and if the real purpose of the petition be the gratification of ill-will and malice without cause, then men may be borne down by the power of their enemies, especially in numbers and by combination, and their efforts in life to earn bread, and support those dependent on them, may be frustrated merely for the gratification of base and malevolent feelings. The inference drawn by the judge from the awarding of a *venire facias de novo* by this court on the former writ of error, is not erroneous. The request or petition to the directors was the only ground of the action, and a *venire de novo* would not have been awarded had this court thought that the right of petition was so sacred no inquiry could be had into the motives and purposes of the defendants. A groundless petition instigated only by malice cannot surely be the right of any citizen where it actually results in harm to the object of its malicious purpose. The third, fourth and fifth assignments of error are therefore not sustained.

We perceive no error in the answer to the sixth point in reference to the plaintiff's want of a certificate from the county superintendent of schools. Had that been the ground of his rejection, he could not recover. But the testimony of Booser, one of the directors, on that point required the case to be submitted to the jury. School No. 4 was under his particular charge, and it was left to him to nominate the teacher for it. The plaintiff had been appointed for 1867 on his nomination, and had taught without complaint. Booser promised the school to him again. He gave his application to Booser to be presented to the board; but after it had been presented and after hearing the discussion of the board upon it, Booser put the paper in his pocket and made no

[Vanarsdale *v.* Laverty.]

nomination. No objection was made on the score of the certificate. It is evident that it was the objection to the plaintiff himself, and not to his want of a certificate, which prevented his employment. Had he been appointed he might have renewed his certificate and qualified himself to accept of the appointment. We see no error, therefore, in refusing a point requiring the court to charge that no damage arose from the remonstrance by reason of the plaintiff's not getting the school. Nor do we think it was error to refuse to charge that the plaintiff could not recover because he afterwards got a school at Marysville, at a higher salary. This went in mitigation of damages, but was no bar to recovery. The wrong was complete when the plaintiff lost his place by the malice of the defendants, and it is no small injury to be compelled to change one's residence, break up his plans for the year, seek employment elsewhere, and remove to a different district to reside among strangers. The other assignments of error need no notice but to say we perceive no error to be corrected.

The judgment is therefore affirmed.