Azar, Appellant, *v.* Markle et al.

Argued March 23, 1933.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Anthony Cavalcante,* for appellant.

*William Brown Higbee, John Kirk Renner,* City Solicitor, and *Higbee, Matthews & Lewellyn,* for appellees, were not heard.

PER CURIAM, May 1, 1933:

This appeal is from judgment for defendants entered for the reason that plaintiff's statement of claim fails to set forth a sufficient cause of action.

Ordinarily, we are loath to sustain judgment on an affidavit of defense which merely sets up insufficiency of the statement of claim without giving plaintiff an opportunity to amend (Seaman v. Tamaqua N. B., 280 Pa. 124, 127; Stevens v. Smith, and Stevens v. Doylestown B. & L. Assn., 310 Pa. 287, and cases there cited); in the present case, however, plaintiff, at argument, stated he would stand on his claim as presented, which is for damages in the sum of $25,000, alleged to have been suffered by him when defendants (members of the Planning Commission of the City of Connellsville, as individuals, and two property owners of that city) sought, by bill upon which a preliminary injunction was granted, to restrain plaintiff from erecting a building containing a storeroom, pool room, and apartments, in the residential neighborhood in which the two latter defendants resided, in violation of city zoning ordinances. The statement in trespass makes the bald assertion, unsupported by facts or reasons, that the injunction proceeding was "instituted falsely, vexatiously, maliciously and without any probable cause, with the intent to injure and deprive

the plaintiff in the use of his......land for the purpose aforementioned," and that he was so deprived from June 28, 1924, to July 28, 1931, during which time the preliminary injunction was in effect. The lower court properly held the statement to be insufficient for the reason that the allegations contained therein were conclusions of law and not statements of fact. In addition, the record of the case shows the preliminary injunction was granted by the court upon probable cause, want of which is an essential ingredient of an action for a malicious abuse of civil process: Norcross et al. v. Otis Bros. & Co., 152 Pa. 481, 486; see also Garland v. Wilson, 289 Pa. 272.

A further point which is even more conclusive against plaintiff's cause is that his proper remedy was against the bond filed at the time the preliminary injunction was allowed, first fixed at $500 and afterwards, when the injunction was continued, at $1,000. The very purpose of such bonds is to indemnify defendants in an injunction action for "all damages that may be sustained by reason of such injunction" (section 1, Act of May 6, 1844, P. L. 564). If the amount of the bond was inadequate, the attention of the chancellor should have been directed to that fact at the time it was filed. It is too late now to complain on that score, especially since, as the court below points out, defendant (there) apparently made no effort to have the preliminary injunction removed promptly. It was granted in 1924 and continued pending argument. The case was on the argument list of March 15, 1926, but for some reason which does not appear, was not argued and was not again placed on the equity list until 1929, and finally was heard in 1930, the trial judge who granted the injunction meantime having died. If any effort was made to have the matter disposed of during the interim between 1926 and 1929, or if the delay was due to any fault of the petitioners, it is not shown of record.

The judgment is affirmed.