Mason, Appellant, *v.* Clabby et al.

Argued December 6, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Harry Goldbacher,* for appellant.

*Edward F. Hitchcock,* with him *James Patterson,* for appellee.

PER CURIAM, January 2, 1934:

In this suit for damages for malicious prosecution, plaintiff's statement of claim alleged that defendant George W. Cutler, at "the instance, direction and instigation and with the knowledge, consent and approval" of defendant Thomas F. Clabby, made affidavit before a

police magistrate to three separate informations charging plaintiff with embezzlement and conversion of sums amounting to $1,100 "with intent to cheat and defraud the said George W. Cutler," upon which informations warrants were issued and plaintiff arrested, indicted and held in jail for fifteen days before obtaining bail; and that, about five months after plaintiff's arrest, the district attorney, at Cutler's request, nolle prossed the indictments. So far as appears of record, defendant Cutler in the present proceeding has made no defense. Defendant Clabby, in an affidavit of defense in the nature of a statutory demurrer, raised questions of law averring (1) that the plaintiff failed to set forth facts constituting malicious prosecution so far as he is concerned, and (2) that the statement of claim fails to show concert of action in the prosecution instituted by Cutler between him and Clabby. The court below entered judgment for defendant Clabby on his demurrer. Plaintiff appealed.

After twice amending his statement of claim on rule taken by defendant for a more specific statement, plaintiff finally included therein copies of letters in which, he alleged, Clabby "prompted, encouraged and suggested" the prosecution proceedings instituted by Cutler. The court below found, and a careful reading of the letters confirms, that Clabby, having been consulted by Cutler, gave him, in a friendly way, such information and advice as he thought might be useful in dealing with Mason, but made no definite suggestion of action against plaintiff, and in fact stated to Cutler, "I won't bother to help you in any way." Nowhere in the letters or elsewhere in the statement of claim are reasons or facts produced for the assumption of a conspiracy between Clabby and Cutler for the arrest of Mason. So far as appears there was no concert of action or of interest between them (Brobston v. Darby Boro., 290 Pa. 331, 336, and cases cited), and appellant fails to show in the slightest degree that Clabby had motives or purpose in bringing about the arrest.

An allegation that Clabby "attempted to prevent the entering of bail for the plaintiff's release by threatening foreclosure proceedings on a first mortgage held by him against property of the intended bondsman," as the lower court states, does not comprise a cause of action.

The court below correctly held that plaintiff's statement of claim failed completely to show valid ground for the action against defendant Clabby, the questions of law raised therein being wholly unsupported by the facts alleged. Accordingly, judgment was correctly entered for defendant on the statutory demurrer: Taubman v. Schulte, Inc., 302 Pa. 170, 173; Azar v. Markle et al., 311 Pa. 296, 297.

The judgment is affirmed.