## Locker, etc., v. Hudson Coal Company

*Joseph H. Dutka* and *Z. Bialkowski*, for plaintiff.

*Francis Mahon*, for defendant.

EAGEN, J., December 18, 1953.—This is an action in trespass alleging tortious interference by defendant with the relationship existing between plaintiff and several of his business customers. Preliminary objections to the complaint in the nature of a demurrer and a motion for a more specific statement are before us for consideration and decision.

We shall first discuss whether or not a cause of action is pleaded.

The facts alleged are substantially and briefly as follows: For several years plaintiff and "his predecessors in business" were engaged in the business of selling and hauling "coned cleaned coal" prepared by defendant to certain specifically named customers. On March 5, 1952, defendant through its agents "knowingly, unlawfully, wilfully, maliciously and without cause" told the above customers of plaintiff that from then on the coal referred to would have to be hauled by and purchased through individuals other than plaintiff and as a result the buyers "desiring to continue using" defendant's coal reluctantly agreed to cease buying this particular coal from or through plaintiff. On March 6, 1952, defendant "after securing the above agreements" notified plaintiff that it would refuse to sell him any more coal. The complaint alleges that as a result of the activities above described, "The defendant did knowingly, unlawfully, wilfully and maliciously and without cause, interfere with the

business relations of the plaintiff" and as a consequence plaintiff suffered certain stated financial damage.

This case presents a novel and interesting legal proposition. No Pennsylvania case directly in point is within our knowledge. Defendant undoubtedly had the right to refuse to sell plaintiff its products but did it have the right to tell third persons with whom plaintiff had an existing business relationship that its product should be no longer purchased from or through plaintiff?

It is plaintiff's position that the facts pleaded are within the purview of A. L. I. Restatement of the Law of Torts, §766. This provides in part:

"One who, without a privilege to do so, induces or otherwise purposely causes a third person not to . . . (b) *enter into or continue business relations* with another is liable to the other for the harm caused thereby."

With this, we do not agree. The complaint does not say that defendant *"induced"* or *"otherwise purposely caused"* plaintiff's customers not to continue to deal with him. Rather does it say that the inducement for the discontinuance of the patronage of plaintiff's customers was their desire to continue to use defendant's coal. The individuals could, if they desired, have continued to buy from plaintiff coal of another producer.

It is our considered opinion that this situation is governed rather by A. L. I. Restatement of the Law of Torts, §768, which provides:

"(1) One is privileged purposely to cause a third person not to enter into or *continue* a business relation with a competitor of the actor if (a) *the relation concerns a matter involved in the competition between the actor and the competitor,* and (b) the actor does not employ improper means, and (c) the actor does

not intend thereby to create or continue an *illegal* restraint of competition, and (d) the actor's purpose is at least in part to advance his interest in his competition with the other.

"(2) The fact that one is a competitor of another for the business of a third person does not create a privilege to cause the third person to commit a *breach of contract* with the other even under the conditions stated in subsection (1)."

There is clearly a difference between "inducement of breach of contract" which is not involved herein and "inducement not to deal without such breach," which is the basis of this present action. However, it seems established that a person's business is a property right in the pursuit of which he is entitled to protection from tortious interference by a third person, despite the absence of an express contract between the parties to continue their business relationship. This is certainly the trend of the law since the beginning of the twentieth century and the rapid growth of industry and trade. We do believe, however, that in order for there to be an actionable wrong, it is necessary to plead and prove in a situation such as this: (1) That the acts complained of were wilful and intentional; (2) that they were calculated to cause damage to plaintiff in his business; (3) that they were done with the unlawful purpose of causing damage and loss to plaintiff without right or justifiable cause on the part of defendant; (4) that actual damage and loss resulted. The "malice" above referred to does not imply any culpable intent but rather is it the intentional doing of a harmful act without justification or excuse. Defendant may have had under the present stated facts the legal right to do the acts complained of, but if they were done with the intent to injure plaintiff, then they were malicious and the malice makes unlaw-

ful that which otherwise would be lawful. (Note that even if ill-will is incident to the intentional interference with business relations, the acts may be privileged if defendant has a legitimate interest to protect.) See Prosser on Torts; vol. 9, A. L. R. (2nd) 228-71; 30 Am. Jur. 70-103; Vanarsdale v. Laverty, 69 Pa. 103.

It would appear to us, therefore, that a prime and necessary requisite of plaintiff's cause, both in pleading and proof, is that the acts involved were done with the unlawful purpose of causing damage and harm by defendant to plaintiff: Azar v. Markle et al., 311 Pa. 296; Dagostino v. Rogers, 68 Pa. Superior Ct. 284; Eddyside Company v. Seibel et al., 142 Pa. Superior Ct. 174. If this is not so under the circumstances presented, there is no cause of action.

While plaintiff's complaint is, therefore, inadequate and does not state a cause of action as pleaded, we will permit an opportunity to amend rather than enter a summary judgment.

In other particulars, the pleading is not sufficiently specific. Three customers of plaintiff with whom defendant tortiously interfered are specified and to this is added "other unnamed customers." Defendant is entitled to have these additional individuals specifically named. Then too, the agents or employes of defendant, who allegedly performed the acts complained of are not designated. Their identity must be set forth: Redington Hotel v. Guffey, 149 Pa. Superior Ct. 502; Germantown Trust Company v. Emhardt (No. 1), 321 Pa. 561, and 3 Standard Pa. Practice 34.

Therefore, December 18, 1953, the preliminary objections discussed in this opinion are sustained. The others are without merit. Plaintiff is permitted 20 days in which to amend.