TEXACO, INC., a Delaware corporation, Plaintiff,

v.

Ernest HARRISON, Defendant.

Civ. A. No. 26602.

United States District Court
E. D. Pennsylvania.

April 30, 1962.

Henry T. Reath, Duane, Morris & Heckscher, Philadelphia, Pa., Butler, Beatty, Greer & Johnson, Media, Pa., for plaintiff.

Rita E. Prescott, Johnson, Fox, Mc-Goldrick & Prescott, Media, Pa., for defendant.

CLARY, Chief Judge.

This is a diversity action brought to enforce a Fair Trade agreement. On October 1, 1958, the defendant entered into a one year contract with the plaintiff for the purchase of the products of the Texas Company, now Texaco, Inc.

On January 14, 1959, the plaintiff notified the defendant that it was establishing stipulated minimum retail prices for its motor fuels pursuant to contracts entered into under and pursuant to the provisions of the Act of Assembly of the Commonwealth of Pennsylvania of June 5, 1935, P.L. 266, as amended, 73 P.S. § 7 et seq. No mention of the aforesaid Act of Assembly was contained in the October 1, 1958 contract.

The defendant, on two occasions subsequent to January 14, 1959, wrote the plaintiff requesting that he be released from all contractual obligations with it. These requests were refused, and the plaintiff continued to deliver its products to the defendant's place of business, without limitation.

In April of 1959, the plaintiff filed a complaint in equity in the Court of Common Pleas of Delaware County. That Court, on April 21, 1959, issued a rule to show cause why a preliminary injunction should not be granted, enjoining and restraining Harrison from the sale of Texas Company's products below its

stipulated minimum retail prices. On April 27, 1959, at the close of plaintiff's case, the Court dismissed plaintiff's rule. Subsequently, the plaintiff discontinued its action.

On July 2, 1959, plaintiff filed a complaint in this Court. Plaintiff, on the same day, moved for a temporary restraining order, which was granted. The Order directed the plaintiff to enter a bond in the sum of $2,500.00. After a hearing on plaintiff's motion, taking place on July 8, 1959, this Court, on July 14, 1959, dissolved the restraining order and refused a preliminary injunction. Thereafter, the defendant filed an answer and counterclaim, and plaintiff filed a reply to the counterclaim.

Defendant, in his counterclaim, alleged that he sustained damages by virtue of the loss of sales during the period of the temporary restraining order. It is further alleged that the plaintiff's act in requesting the restraining order was wilful and malicious and without reasonable cause.

The plaintiff advised counsel for the defendant on June 29, 1961, that Texaco, Inc. had cancelled all of its Pennsylvania Fair Trade agreements, and requested that the defendant join in a "Stipulation to Dismiss without Prejudice", the instant case. The defendant refused to do so.

On November 3, 1961, the plaintiff filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and on March 26, 1962, at the argument on said motion, it requested that its suit be dismissed without prejudice.

At this point in the proceedings, there are two issues before this Court. First, whether or not the counterclaim, which asserts either a malicious use or abuse of legal process, states a claim upon which relief may be granted; second, whether or not the plaintiff may, at this time, withdraw its suit without prejudice.

The first inquiry must be answered in the negative. In making this determination, this Court must look to the substantive law of Pennsylvania. The case of Azar v. Markle, 311 Pa. 296, 166 A. 889 (1933) is directly on point. In that case, the plaintiff instituted an action for a malicious abuse of process by the defendants in obtaining a preliminary injunction to restrain the plaintiff from erecting a building in violation of city zoning ordinances. The plaintiff appealed from a judgment entered for defendants in which the lower Court held that the plaintiff's statement of claim failed to set forth a sufficient cause of action. The Pennsylvania Supreme Court, in affirming, held that where an injunctive proceeding, in which a preliminary injunction is granted, is instituted maliciously and without probable cause, the aggrieved party's remedy for all damages that may be sustained by reason of such an injunction is against the bond fixed at the time the injunction was granted.

■ The impact of the Azar case, supra, is to no degree lessened by the defendant's argument that the Act under which the injunction was obtained has been repealed and replaced by the Pennsylvania Rules of Civil Procedure. These Rules change only the Pennsylvania procedural process and not the substantive law previously enunciated.

■ Therefore, the defendant in the instant case is compelled to seek relief under Rule 65(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■ The second inquiry before this Court must be answered in the affirmative. As a general rule, a plaintiff may dismiss his case without prejudice upon payment of costs, if the defendant will not be subjected thereby to some plain legal prejudice beyond the incidental annoyance of a second litigation upon the same subject matter. Ford Motor Co. v. National Labor Relations Board, 305 U.S. 364, 370, 59 S.Ct. 301, 83 L.Ed. 221

(1939); Jones v. Securities & Exchange Commission, 298 U.S. 1, 19, 56 S.Ct. 654, 80 L.Ed. 1015 (1936); Pullman's Palace Car Co. v. Central Transportation Co., 171 U.S. 138, 146, 18 S.Ct. 808, 43 L.Ed. 108 (1898). In the instant case, the dismissal of plaintiff's action cannot prejudice the defendant as it will not affect any action which he might take under Rule 65(c) of the Federal Rules of Civil Procedure, which, as has been previously stated, is his exclusive remedy for the recovery of damages suffered by the issuance of the temporary restraining order.

## ORDER

AND NOW, to wit, this 30th day of April, 1962, for the reasons set forth in the foregoing Memorandum Opinion, it is ORDERED, ADJUDGED and DECREED that the plaintiff's motion for voluntary dismissal of complaint under Rule 41 of the Federal Rules of Civil Procedure be and it is hereby granted; further that the counterclaim of the defendant as against the plaintiff be and it is hereby dismissed with prejudice.