## ALEX. GOODHART v. JAMES BISHOP ET AL.

### APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS OF CUMBERLAND COUNTY.

Argued April 28, 1891—Decided May 18, 1891.

When the record of a former action is offered to show that the plaintiff's demand is res judicata, the question, if determinable from such record, is a question of law for the court, and if the record is not presented in the Supreme Court, the ruling cannot be reviewed.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MCCOLLUM and MITCHELL, JJ.

No. 188 January Term 1891, Sup. Ct.; court below, No. 110 September Term 1890, C. P.

On January 26, 1890, Alexander Goodhart brought assumpsit against James Bishop and John Wise, executors of the will of William Bishop, deceased. The defendants pleaded non-assumpsit, and the statute of limitations.

At the trial, on November 28, 1890, the plaintiff having rested his case, the defendants' counsel offered the "record of proceedings in the case of William Bishop v. Alex. Goodhart and Samuel Piper, No. 351 September Term 1888.* This for the purpose of proving that all the items claimed in this action were claimed as payments in that case, and that, so far as any liability of the defendants to the plaintiff in this case is concerned, they have been adjudicated."

Plaintiff's counsel objected, that the items claimed for by the plaintiff in this case, were not adjudicated in the cause the record of which was offered, and that record showed, if it showed anything, that the items were not admitted as evidence to reduce the amount of the judgment in the scire facias to revive.

By the court: Offer refused; exception.[1]

Mr. Hays: " Defendant's counsel now offer the record and proceedings in the cause of William Bishop v. Alex. Goodhart

---

* Reported as Bishop v. Goodhart, 135 Pa. 374.

Arguments.

and Samuel Piper, No. 351 September Term 1888 : This for the purpose of showing that when J. W. Earley, the witness examined in this case, was put upon the stand in that case, the following offer was made [—reading from the paper-book in the cause referred to] ; that, after objection made, the court admitted the evidence contained in this offer, and the evidence was passed upon ; this, for the purpose of showing that the matters now claimed in this action were used in that suit; and that they have been adjudicated, and are a bar to a recovery in this case."

Plaintiff's counsel objected, that the record did not show that this evidence was passed upon by the jury in that case, and was res judicata ; on the contrary, the record showed that the evidence offered was admitted so that the court might pass upon it, after getting all the evidence before the court ; and that, after the evidence was all before the court, it was withdrawn from the jury.

By the court: As stated in rejecting the former offer, we have examined the record, in this case, and have concluded that the judgment entered in the case *is not a bar to the plaintiff's demand in this action* ; exception.[2]

The case being submitted upon the evidence, SADLER, P. J., the jury returned a verdict for the plaintiff for $822.47. Judgment having been entered, the defendants took this appeal, assigning for error :

1, 2. The refusal of the defendants' offers.[1] [2]


*Mr. John Hays* (with him *Mr. R. McCachran* and *Mr. F. E. Beltzhoover*), for the appellants.

Counsel cited: Danziger v. Williams, 91 Pa. 234 ; Muirhead v. Kirkpatrick, 5 W. & S. 506 ; s. c. 2 Pa. 425 ; Good v. Good, 9 W. 567 ; Logan v. Caffrey, 30 Pa. 196 ; Sykes v. Gerber, 98 Pa. 180 ; Orr v. Insurance Co., 114 Pa. 387 ; Myers v. Coal Co., 126 Pa. 582 ; Rockwell v. Langley, 19 Pa. 502 ; Bitzer v. Killinger, 46 Pa. 44 ; Buck v. Wilson, 113 Pa. 426 ; Hess v. Heeble, 6 S. & R. 57.


*Mr. S. M. Leidich* (with him *Mr. M. C. Herman*), for the appellee.

Counsel cited: Finley v. Hanbest, 30 Pa. 195 ; Bitzer v.

Killinger, 46 Pa. 44; Thropp v. Insurance Co., 125 Pa. 427; Dutton v. Woodman, 9 Cush. 261; 2 Parsons on Cont., 5th ed., 728; Hibshman v. Dulleban, 4 W. 183; Martin v. Gernandt, 19 Pa. 124; Lewis's App., 67 Pa. 153; Tams v. Lewis, 42 Pa. 402; Ihmsen v. Ormsby, 32 Pa. 198; Lentz v. Wallace, 17 Pa. 412.

PER CURIAM:

The appellants complain of the rejection of the record in the suit of William Bishop v. Alexander Goodhart, No. 351 September Term 1888, of the court below.   The object of this offer was to show by that record that the matter involved in the present controversy was res judicata.   The rejection of the record does not appear to have been excepted to, and the record itself is not printed in the paper-books.   At most, fragmentary portions of it are given; and, if we assume that those portions are all that are essential to a proper understanding of the point, we are nevertheless of opinion that they do not show a prior adjudication.   While many of the items in the former suit are undoubtedly the same as those involved in this, the court below held that they had not been adjudicated in said former suit. An examination of the charge of the court in that case leads us to the same conclusion.   Whether the former suit was for the same cause of action, is a question of law for the court whenever it is determinable by the pleadings: Finley v. Hanbest, 30 Pa. 190; Bitzer v. Killinger, 46 Pa. 44.

Judgment affirmed.