## Lowe *v.* Haggerty, Appellant.

*Negligence—Automobiles—Prior trial with different party plaintiff—New trial—Record—Evidence.*

1. Where a judgment is recovered against the defendant in a case brought by the driver of a motorcycle for personal injuries, an order refusing a new trial will not be reversed, where the ground for a new trial was that, in a previous suit by a passenger in the motorcycle, a jury had found for defendant.

2. In such case the second verdict may be the sound one on the truth of the evidence, or the verdict for defendant in the first case may have been required by a release from the then plaintiff, or the evidence in the two cases may not have been the same.

Argued April 22, 1925. Appeal, No. 266, Jan. T., 1925, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1923, No. 8175, on verdict for plaintiff, in case of Herman L. Lowe v. Penrose Hagerty. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before McDEVITT, J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Error assigned* was refusal of new trial, quoting record.

*Ward C. Henry,* with him *C. William Freed,* for appellant.

*William Charles Brown,* for appellee, was not heard.

PER CURIAM, May 11, 1925:

Plaintiff, while driving a motorcycle, with side-car attachment in which his wife and one Jess Campbell were riding, sustained injuries from a collision with defendant's automobile. Plaintiff's vehicle was proceeding in a northerly direction along Rising Sun Avenue, when the machine owned and driven by defendant approached in a southerly direction on the wrong side of the same avenue. Plaintiff, assuming that defendant would cross to the proper side of the road before reaching him, continued along the right-hand edge until his motorcycle was within a few feet of the oncoming automobile. Realizing then that defendant was not turning out and that a head-on collision would result, plaintiff quickly turned to the left in order to avoid it, and his motorcycle was almost instantly struck. Defendant contended that he was on the proper side of the road and that the cause of the accident was plaintiff's attempt to pass an automobile immediately ahead of him at the time defendant's automobile, which plaintiff could not see, came by. The jury found a verdict for plaintiff. On motion for new trial, defendant's counsel directed attention to the fact that in a previous suit growing out of the same accident, brought by the guest, Jess Campbell, there had been a verdict for defendant. The evidence concerning the happening of the accident, counsel for appellant contended, was the same on both trials, though the earlier case was heard by a different judge and jury; but correspondence between the testimony on the two trials was not offered to be shown. The court below declined to consider defendant's position in this regard, or to set aside the verdict for plaintiff.

Defendant has appealed and asks us to hold that the trial court abused its discretion in refusing to consider the record of the prior case in comparison with the present record, and, on such consideration, to grant a new trial. He reasons that, if opposite answers are given on the same evidence, in the same court, it is not

possible both verdicts can be right; in effect, he would have us assume that the first verdict is correct, and, therefore, the jury in the second case must have acted capriciously, in disregard of the evidence and the rights of the parties. With this position we cannot agree. Conceivably, the second verdict may be the sound one on the truth of the evidence; or, for all we know, the verdict for defendant in the first case may have been required by a release from the then plaintiff; or the evidence in the two cases may not have been the same. As the record of the prior case is not before us, we are unable to analyze the considerations which induced the verdict in that instance. In short, we must abide by the present record as containing the only evidence for examination; and there we find no abuse of discretion by the court below in refusing to grant a new trial, which is the sole question raised by the assignment of error.

The judgment is affirmed.