## Brobston, Appellant, v. Darby Borough.

*Negligence — Joint tort-feasors — Boroughs — Street railways— Failure to keep street in repair—Res judicata.*

1. A borough which has granted to a street railway company the use of a street in consideration of the company keeping the street in repair, is not a joint tort-feasor with the company in a failure to repair; the joint right of action against wrongdoers arises only from unity of fault.

2. The liability of the railway company for an injury resulting from failure to repair is primary; that of the borough is secondary, and the latter may compel the former to reimburse it for the amount of damages which it is compelled to pay.

3. If the person injured sues the railway company and fails to recover, he cannot thereafter, alleging the same cause of action, recover from the borough.

4. If, in such case, recovery could be had against the borough, the borough could compel, by suit, the railway company to pay for the injury, where, in a regular court proceeding, it had been declared not to be responsible on the same cause of action.

5. The rule that where the cause of action is identical in two suits, all contentions which could have been passed upon in the first suit, are construed in the second, applies not only to the actual parties to the litigation in the first suit, but binds those who are in privity with them.

6. If the liability rests on the proof of wrong doing by one, and the necessary facts to establish it have been found adversely in a prior proceeding, a suit against another, based on the same cause of action, cannot be maintained.

Argued May 10, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 3, Jan. T., 1928, by plaintiff, from order of C. P. Delaware Co., Dec. T., 1922, No. 697, refusing to take off nonsuit, in case of Joseph Brobston v. Burgess and Town Council of Darby Borough. Affirmed.

Motion to take off nonsuit. Before BOUTON, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned,* inter alia, was order, quoting record.

*John E. McDonough,* for appellant.—The entry of this nonsuit was an irregularity: Lowe v. Haggerty, 283 Pa. 459.

It is the duty of all municipal corporations of this class to maintain their roadways in a reasonably safe

condition for public travel and this duty is primary, if not nondelegable: Reichard v. Boro., 286 Pa. 25; Beatty v. Gilmore, 16 Pa. 463; Dickinson v. Hollister, 123 Pa. 421; Francis v. Twp., 179 Pa. 195; Gates v. R. R., 150 Pa. 50; Bucher v. Boro., 216 Pa. 89; Aiken v. Phila., 9 Pa. Superior Ct. 502; Reading v. Traction Co., 215 Pa. 250; Chambersburg Boro. v. Ry., 258 Pa. 57; Collingdale Boro. v. Transit Co., 274 Pa. 124; Swarthmore Boro. v. Transit Co., 280 Pa. 79.

The relation of the borough and of the traction company to maintain that portion of the street occupied by the tracks of the company being such as to involve a primary duty, the borough and traction company were joint and several tort-feasors, each liable without respect to the obligation of the other: Dean v. R. R., 129 Pa. 514; Betcher v. McChesney, 255 Pa. 394.

*John B. Hannum, Jr.,* of *Hannum, Hunter & Hannum,* with him *James Robertson,* Borough Solicitor, *J. Allen Dodge* and *S. Edward Hannestad,* for appellee.— The procedure in entering the nonsuit was regular: Kent v. Brolaski, 4 Del. Co. R. 334; Pizer v. Voyle, 8 Luz. Leg. Reg. 69; Jobe & Meanor v. Hunter, 165 Pa. 5; Black v. Black, 206 Pa. 116.

The verdict and judgment for the traction company in the suit against it in Philadelphia is an estoppel and bar to the present proceeding: Smith v. Henry, 66 Pa. Superior Ct. 538; Castern v. City of Pittston et al., 23 Luzerne L. R. 21; Brookville Boro. v. Arthurs, 130 Pa. 501, 515; Dutton v. Boro., 198 Pa. 563; Betcher v. McChesney, 255 Pa. 394; Hill v. Am. Stores Co., 80 Pa. Superior Ct. 338; Anderson City v. Fleming, 160 Ind. 597.

OPINION BY MR. JUSTICE SADLER, June 25, 1927:

Brobston, plaintiff, was injured while driving an automobile on a public highway in the Borough of Darby. It was claimed that the paving within or along the

tracks of the Philadelphia Rapid Transit Company, oc-
cupying the street by virtue of a grant to a predecessor,
regularly acquired by the operating corporation, had be-
come in disrepair, and, as a result, the steering wheel of
the machine was wrenched from the driver's hand with
the resulting injury complained of.  Suit was brought
against the street railway in the courts of Philadelphia
County to recover damages.  The fact that it maintained
its tracks under a franchise which required it to keep
the street in proper condition, was averred, and the
failure to perform this duty, with the amount of damage
resulting, set forth in the statement filed.  At the trial
proof was offered to show the street surface was not de-
fective, and therefore the charge of negligence was un-
founded, and testimony produced of contributory negli-
gence on part of the plaintiff.  After a full and careful
charge, the questions of fact were submitted to a jury,
and a verdict rendered for the defendant, upon which
judgment was entered, and no appeal taken.

Later, the present action was brought in the Court of
Common Pleas of Delaware County against the Borough
of Darby, present defendant, based on the same cause
of action as asserted in the suit against the transit com-
pany.  The affidavit of defense, setting forth the record
of the first proceeding, was brought to the attention of the
court when the case was called, and counsel for plaintiff
admitted that Brobston was "the same person who was
plaintiff in an action brought in Philadelphia, that the
action there brought was for the same injuries occurring
at the place, and in the time and manner for which the
action is brought in this court, now on trial, and that a
verdict in that case, decided in Philadelphia, was en-
tered by the jury in favor of the defendant."  The cause
of action, and the facts upon which the right to recover
rested, were the same, the only difference being in the
name of the defendant.  These stipulations were avow-
edly entered of record to enable the court to pass upon
the legal question involved, as to the right of a plaintiff

to recover under such circumstances. Notwithstanding the formal admissions, counsel made an offer to prove the same facts, which the court refused, and, on motion, a nonsuit was entered because of the former adjudication. Complaint is now made that the plaintiff should have been permitted to call witnesses to establish the matters already agreed to, but we see no merit in the complaint. All facts essential to the legal determination of liability were before the court, and had been voluntarily placed there by consent of both parties.

Lowe v. Haggerty, 283 Pa. 459, is cited as showing this rejection of testimony constituted prejudicial error, but the decision referred to is not authority for so holding. There, the question of the effect of a former judgment for defendant, when sued by an injured guest, was held not to bar a later suit by the driver of the car which had been struck by another, where no previous record was produced disclosing what had been passed upon in the first proceeding, and the defense was not asserted until the motion for a new trial was presented. Under such circumstances it was held impossible to determine what issue was involved in the previous trial. A very different situation appears here, and the learned court below properly disposed of the merits on the record as made up by the parties. The motion to take off the nonsuit, granted in the present case, was refused, and plaintiff has appealed.

It is insisted that the municipality is liable for injuries which resulted from a failure to keep its street in repair, and, as a general proposition, there can be no doubt of the right to recover damages sustained, where such legal obligation has not been performed, and it has had actual or constructive notice of faulty condition: Bucher v. Sunbury, 216 Pa. 89. This rule applies, though an abutting owner may have been responsible for the disrepair, and the party injured may sue either the borough or the one primarily responsible for the defect: Brookville v. Arthurs, 130 Pa. 501; Fowler v. Jersey

Shore, 17 Pa. Superior Ct. 366. The municipality may recover over from the negligent one, where the loss was caused by him, and not by some independent act of the municipality itself: Johnson Co. v. Phila., 236 Pa. 510; Reichard v. Bangor, 286 Pa. 25. But the liability of the borough in such case is secondary and not primary, and it cannot be joined in a suit with the abutting owner as a tort-feasor (Dutton v. Lansdowne Boro., 198 Pa. 563; Mintzer v. Hogg, 192 Pa. 137; Brookville v. Arthurs, supra, s. c., 152 Pa. 334; Smith v. Henry, 66 Pa. Superior Ct. 538), for the joint right of action against wrongdoers arises only from unity of fault (Cleary v. Quaker City Cab Co., 285 Pa. 241), though the common consequence is caused by their separate acts: Wiest v. El. Tr. Co., 200 Pa. 148; Howard v. Union Tr. Co., 195 Pa. 391; Little Schuylkill Nav. Co. v. Richards, 57 Pa. 142; Eckman v. L. & W. Coal Co., 50 Pa. Superior Ct. 427. "Joint tort-feasorship can only be affirmed when the parties charged have a community of interest in the object and purposes of the undertaking and an equal right to direct and govern the movements and conduct of each other in respect thereto": Betcher v. McChesney, 255 Pa. 394, 396.

Even in the absence of a contract, a street railway company is under the implied duty to keep in proper repair the portions of a highway occupied by its tracks: Reading v. United Traction Co., 215 Pa. 250; Chambersburg v. Ry. Co., 258 Pa. 57; Swarthmore Boro. v. P. R. T. Co., 280 Pa. 79. Since the Constitution of 1874, which requires municipal consent before entry upon the streets, such obligation is usually imposed in terms by franchises granted, and the duty to maintain the roadway is ordinarily made by agreement an express condition of the right to locate. But the obligation so assumed is a mere substitute for the common law duty imposed when possession is taken of a public road: Com. v. Newton Twp., 276 Pa. 172. If there is a failure to maintain, a recovery for the cost of necessary repairs

may be had in assumpsit under its implied or express agreement to reimburse (Collingdale Boro., 274 Pa. 124), or if one is injured by reason of its negligence in regard thereto, damages may be recovered against it: Gates v. P. R. R. Co., 150 Pa. 50. A similar duty to keep in proper repair rests on a municipality as to its streets, and the fact that another may also be sued does not prevent an action against it (Burrell Twp. v. Uncapher, 117 Pa. 353; Dutton v. Lansdowne, supra; Aiken v. Phila., supra; Lawrence v. Scranton, 284 Pa. 215), though it may secure indemnity from the one responsible for the defect if compelled to pay damages. The street railway company is not to be sued jointly with the city, for it is no more to be treated as a tortfeasor than is the abutting owner, though liable to suit for its own default.

The plaintiff here did not attempt to sue the railway company and the borough, but brought his action against the former, and lost. He now sues the municipality for the same cause of action, based on the same facts, alleging it was responsible for permitting the transit company to leave the highway in improper condition. The court held the action barred by the former proceeding, and we think properly so. If a recovery were now had, then the borough defendant could compel, by suit, the street railway to pay for the injury, where in a regular judicial proceeding it has been declared not to be responsible. The plaintiff elected to sue the one ultimately liable, and failed to recover, and he cannot now be permitted to secure judgment against the borough for this identical negligence. If so, then the latter could seek a recovery from the former, though its nonliability has been adjudicated, and compel it to defend a proceeding based on a cause of action previously determined in its favor.

In determining whether a prior judgment of a court of competent jurisdiction is conclusive of a pending suit, the inquiry is usually confined to the identity of the

cause of action, and it was admittedly the same here. If the parties were also identical, there could be no question that the former adjudication was a bar, for the determination of a fact governing the right to recover is controlling (First Nat. Bank v. Dissinger, 266 Pa. 349; Tasin v. Bastress, 284 Pa. 47; Havir's Est., 283 Pa. 292), as to all contentions which could properly have been passed upon on the first trial: Hochman v. Mortgage Finance Corp., 289 Pa. 260; McGunnegle v. R. R. Co., 269 Pa. 404; P. & L. E. R. R. Co. v. McKees Rocks, 287 Pa. 311. This rule applies not only to the actual parties to the litigation, but binds those who are in privity with them: Com. v. Kelly, 287 Pa. 139. The same cause of action cannot be retried, and a second suit cannot be predicated on a question of fact already passed on: Loughrey v. P. R. R. Co., 284 Pa. 267; Ludwig Co. v. Green, 88 Pa. Superior Ct. 142.

Ordinarily, an estoppel by judgment is applied where parties are the same, or in privity with them, which include those who are responsible over (34 C. J. 1031; Cressler v. Brown, 79 Okla. 170, 192 Pac. 417), but "an apparent exception to the rule of mutuality has been held to exist where the liability of defendant is altogether dependent upon the culpability of one exonerated in a prior suit upon the same facts, when sued by the same plaintiff; in such cases the unilateral character of the estoppel is justified by the injustice which would result in allowing a recovery against a defendant for conduct of another, when that other has been exonerated in a direct action": 34 C. J. 988. If the liability rests on the proof of wrongdoing by one, and the necessary facts to establish it have been found adversely in a prior proceeding, a suit against another, based on the same cause of action, cannot be maintained,—a legal principle recognized in Bigelow v. Copper Co., 225 U. S. 111, though not there applied since the parties involved were joint tort-feasors. "The purpose underlying res adjudicata [or estoppel by judgment] is more than to

serve simply the interest of one who may see fit to invoke the rule; it is a measure of public policy, based on the principle that the general welfare requires litigation not to be interminable": State Hospital v. Water Supply Co., 267 Pa. 29, 37. It is for like reason that actions for damages may not be split up, and different suits be instituted for loss to person and property: Fields v. P. R. T. Co., 273 Pa. 282.

Numerous authorities are to be found where a second action for negligence, based on the same cause, has been brought after an adverse verdict in a former suit against another, resulting from lack of necessary proof, or where the same established contributory want of care, and the judgment in the first was held a conclusive bar as to the second. This has been decided where the parties bore the relation of master and servant, and the jury found against the plaintiff in the action first brought: Betcher v. McChesney, 255 Pa. 394; McNamara v. Chapman (N. H.), 123 Atl. 229; New Orleans Ry. Co. v. Jopes, 142 U. S. 18; Wade v. Campbell (Mo.), 243 S. W. 248; Pangburn v. Buick Motor Co., 211 N. Y. 228, 105 N. E. 423; Doremus v. Root, 23 Wash. 710, 63 Pac. 572; Begin v. Bus Co., 208 N. W. 546; Lasher v. McAdam, 211 N. Y. S. 395; Muntz v. Ry. Co. (La.), 40 So. 688. Or the relation of the respective defendants was that of principal and agent (Emma Silver Mining Co. v. Mining Co., 7 Fed. 401), lessor or the operating company (Anderson v. West Chicago St. Ry. Co., 200 Ill. 327, 65 N. E. 717; Jenkins v. A. C. L. R. R. Co. (S. C.), 71 S. E. 1010; Portland Gold Mining Co. v. Stratton, 158 Fed. 63), or, partner, when the wrong was committed while engaged in firm business: McFaddin Co. v. Texas Rice Land Co., 253 S. W. 916. The controlling principle has been applied where a contractor making an excavation in a highway has been first exonerated and the city subsequently sued for negligence in permitting the street to be in improper condition (Anderson v. Fleming, 160 Ind. 597, 67 N. E. 443), and, conversely, where the mu-

nicipality has been absolved, and suit brought against the one responsible for the supposedly negligent act: Smith v. Henry, 66 Pa. Superior Ct. 538; Hayes v. Chicago Tel. Co., 218 Ill. 414, 75 N. E. 1003. The same has been held when the suit first brought against an abutting owner had failed, and the municipality was later sued: Sawyer v. City of Norfolk (Va.), 116 S. E. 245; Betor v. City of Albany, 184 N. Y. S. 44; Hill v. Bain, 15 R. I. 75, 23 Atl. 44. Likewise, a verdict in favor of one placing obstructions on a highway absolved the corporation responsible for its maintenance from liability in a subsequent action: Featherson v. Turnpike Co., 71 Hun. 109, 24 N. Y. S. 603.

Only two cases have been discovered in which a recovery, under circumstances similar to those presented here, has been permitted. In City of Tulsa v. Wells (Okla.), 191 Pac. 186, a verdict against the city, following one in favor of the first defendant, a street railway, was sustained on the ground that the municipality and the corporation were tort-feasors, and could be jointly sued, a judgment as to the one not affecting the other. No such relation between like parties exists in Pennsylvania, as our decisions have pointed out; a plaintiff may sue either legally responsible for the defect. The second case (Sutter v. Kansas City (Mo.), 119 S. W. 1084), was placed on the ground of independent negligence of the municipality. There, a street railway company had, with consent, piled bricks along a sidewalk, and in so doing was found not to have acted in a negligent manner. Without its knowledge, children scattered the bricks over the sidewalk, which condition had existed for a sufficient length of time to give to the municipality constructive notice of the danger, and the latter was held liable for its own lack of care.

In Pennsylvania, if damages are first recovered against a borough, it may recover over against the wrongdoer, that is to say, against one in the position of the present transit company, and this, of course, was

known to the instant plaintiff; therefore, what is said in Van Fleet on Former Adjudication, section 572, states correctly the rule which is applicable to the case at bar: "If A, as between himself and B, is primarily liable upon an alleged cause of action held by, C, or is responsible over to B for any judgment recovered against him by C, and C sues A in the first instance, and is defeated on the merits, he cannot afterwards sue B. If he could, A would be compelled to defend twice against the same action,—once for himself and once for B......If a town is sued for injuries caused by an obstruction wrongfully placed in a street by a person, he may be notified to defend, and in such case he will be bound by the judgment. Therefore, if he is sued in the first instance, and defeats the case, the town may plead this judgment in bar of an action against it; otherwise the wrongdoer would have to defend the same action twice."

The suit in Philadelphia resulted in a verdict for the transit company, which was under duty to keep the portion of the street, where the accident occurred, and which was alleged to be defective, in repair. The jury in its finding for defendant in the first action negatived the facts essential to a recovery for the cause asserted, including the allegation that the street was out of repair, and the judgment then entered prevents the successful maintenance of the present proceeding, as was correctly held by the court below.

The judgment is affirmed.