Page *v.* Kegel, Appellant, et al.
Yoder *v.* Kegel, Appellant, et al.

Argued March 10, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*G. T. Hambright,* with him *John E. Malone,* for appellant.

*Paul A. Mueller,* of *Windolph & Mueller,* for additional defendant, appellee.

*Charles L. Miller,* with him *J. Paul Rupp,* for appellees.

OPINION BY JAMES, J., July 15, 1937:

On July 7, 1932 Harry N. Yoder, as an employe of, and accompanied by, Harold M. Page, was driving an automobile-hearse on the right side of the State highway leading from Lancaster to Harrisburg. About a mile east of Elizabethtown, a collision occurred with an automobile operated by Harry Kegel, driven in an easterly direction towards Lancaster. On May 16, 1933 actions of trespass were brought against Kegel by Yoder, for personal injuries suffered in the collision, and by Page, for damages to the automobile-hearse. Specific acts of negligence were alleged, to which affidavits of defense were filed in which the allegations of negligence were denied, and it was averred that the proximate cause of the damages suffered by the respective plaintiffs was the negligence of Loren P. Somer, in that he ran into and against the rear of the automobile driven by the defendant, which caused defendant's car to come in contact with the automobile owned by Page. On January 14, 1935, in both actions, the defendant brought in, by scire

facias, Somer as an additional defendant, on the allegations that he was alone liable to the plaintiffs for the reason that the damages, alleged to have been sustained, were caused solely by his negligence in operating his automobile at an excessive rate of speed and driving the same into and against the rear of the automobile driven by the defendant, which caused the defendant's automobile to come in contact with the automobile owned by Page, and that his negligence is res judicata, having been determined by the verdict of the jury in the case in the Court of Common Pleas of Lancaster County, No. 115, August Term, 1932, wherein the present defendant was plaintiff and Somer was defendant. Somer filed an answer in which he denied the allegation of negligence, and also denied that his negligence was res judicata and that it had been determined by the verdict of the jury in the action against him. Both cases were tried together and at the opening of the trial, counsel for Kegel conceded that plaintiffs were entitled to recover and that the only issue was, which of the two defendants was negligent; counsel for Somer insisted that the cause proceed in the regular manner.

According to the testimony of Page, he was seated to the right of his driver, and while approaching the Borough of Elizabethtown, near the top of a hill, saw the automobile driven by Kegel coming east towards him. The hearse was driven entirely off the cement portion of the highway, to the right, when it was struck by the automobile driven by Kegel. About a minute afterwards, a car, driven by Somer, approached and collided with Kegel's car, which was then about 100 feet down the hill from the hearse.

At the close of plaintiffs' case, counsel for Kegel introduced in evidence the record of the case of *Harry Kegel v. Loren P. Somer,* No. 115 August Term, 1932, in which the jury found a verdict in favor of the plaintiff; after which, both defendants rested. From

the record of the prior suit, it appears that Page was called as a witness for Somer, and his testimony was substantially the same as in the present suit. In its charge to the jury, the court said that both plaintiffs should be entitled to verdicts and that the verdicts should be against Somer, the additional defendant, and that Kegel, the other defendant, should not be held responsible or liable; but left it to the jury to determine, from the evidence submitted, who was liable. The jury found verdicts in favor of the plaintiffs and against Kegel, in both actions. Defendant's motions for a new trial and judgment n. o. v. were refused, the court holding that the prior suit was not res judicata. From the judgments entered on the verdicts these appeals were taken, were argued together, and will be disposed of in one opinion.

The two questions argued by appellant are: (1) Was the record in the prior case res judicata of the present case; and, (2) was the court in error in submitting to the jury the question whether the record in the prior action was res judicata.

In *Bucks v. American Cigar Box Lumber Co.*, 112 Pa. Superior Ct. 193, 197, 170 A. 373, we said: "In order to make a matter res judicata there must be a concurrence of the four following conditions: (1) Identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and of parties to the action; (4) identity of the quality in the persons for or against whom the claim is made; *Siegfried v. Boyd*, 237 Pa. 55, 59, 85 A. 72; *Baker v. Small*, 17 Pa. Superior Ct. 423, 425 ...... True it is that the above mentioned rule has been modified so that the inquiry is usually confined to the identity of the cause of action (*Brobston v. Darby Boro.*, 290 Pa. 331, 337, 338, 138 A. 849; *Balis Bros. v. Latta*, 102 Pa. Superior Ct. 66, 72, 156 A. 596) but it does not bind those who are not in privity with the original parties." "Broadly stated, the rule of

res judicata is that when a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered, until reversed, is, forever and under all circumstances, final and conclusive as between the parties to the suit and their privies, in respect to every fact which might properly be considered in reaching a judicial determination of the controversy, and in respect to all points of law there adjudged, as those points relate directly to the cause of action in litigation and affect the fund or other subject-matter then before the court": *Wallace's Estate*, 316 Pa. 148, 153, 174 A. 397.

If the testimony in the present case is to be taken as the determining factor, it is uncontradicted that the causes of action are not identical with the cause of action in the prior suit, as Page places the point of collision between Kegel's and Somer's cars at 100 feet below the point of collision between the hearse and Kegel's car, and that no damage was caused to either plaintiffs as the result of the latter collision. Granting that the former suit established the negligence of Somer in driving into the car of Kegel, it does not follow that the verdict of the jury determined the negligence of Kegel in driving into the hearse. But aside from these facts, the plaintiffs in the present suit stand in no legal relationship whatsoever to the parties in the prior suit, and, therefore, cannot be considered in privity with them. Any proceeding between Kegel and Somer, in which Page or Yoder was not a party, could, in no manner, be binding or conclusive as against the latter.

In *Robinson v. Berger*, 295 Pa. 95, 144 A. 899, actions were brought by a passenger and the driver of an automobile for injuries received in a collision with an automobile driven by the defendant. As a result of the collision, two pedestrians, who were on the sidewalk, were also injured. The jury rendered verdicts for the

defendant in both cases and on appeal by the passenger, the verdict was sustained. In *Hegarty v. Berger,* 304 Pa. 221, 155 A. 484, an action brought by one of the pedestrians, for injuries received as a result of the collision involved in *Robinson v. Berger,* supra, a verdict was rendered in favor of the plaintiff. On appeal, our Supreme Court said: "True, the actions brought by Rimmer and his mother against Miss Berger for the same accident resulted in verdicts and judgments for the defendant, which we affirmed. See *Robinson v. Berger,* 295 Pa. 95. That being by other plaintiffs was not res judicata here." In finally deciding that the prior suit was not res judicata, the court below was correct.

When the record of a former action is offered to show that the plaintiff's demand is res judicata, the question, if determinable from such record, is a question of law for the court: *Finley v. Hanbest,* 30 Pa. 190; *Goodhart v. Bishop,* 142 Pa. 416, 21 A. 876; *Plunkett v. Hamnett,* 51 Pa. Superior Ct. 98. When the record of the prior action between Kegel and Somer was offered, from which the question of res judicata was determinable, it was the duty of the court below to have excluded the offer. The court, however, admitted the record to be introduced in evidence, advised the jury that in his opinion Kegel was not responsible, and allowed the record to go out with the jury in its deliberation. With these advantages, to which appellant was not entitled, the jury still found against him. For these errors no harm was suffered by appellant, and no purpose can be served by the granting of a new trial, as appellant has conceded his liability for the full amount of the verdicts, unless the doctrine of res judicata is applicable. This question having been held adversely to appellant's contentions, a new trial was properly refused.

The assignments of error are overruled and the judgments are affirmed.