## Clark v. Clark

*Vosburg & Vosburg,* for libellant.
*George Morrow,* for respondent.

HOBAN, J., January 10, 1940.—Libel in divorce. Defense is that the matter is res judicata, the case having been tried in this court on the same facts to no. 1511, September term, 1934, resulting in a decision adverse to libellant.

The parties were married October 4, 1932. The alleged desertion occurred December 16, 1933. A libel alleging desertion was filed July 19, 1934, to no. 1511, Sep-

tember term, 1934. The case proceeded to hearing before President Judge Leach on February 20, 1936, more than two years after the date of the alleged desertion. The case was contested, both sides were represented by counsel and testimony introduced on behalf of each. On March 13, 1936, President Judge Leach handed down the decision of the court and dismissed the libel. No appeal was taken.

In the instant case the libel was filed October 14, 1938, alleging the same desertion of December 16, 1933. The testimony on behalf of libellant disclosed the same facts offered to support the libel in the previous case. The only additional fact offered is that respondent to the date of the hearing in this case has never returned or offered to return to libellant.

After libellant rested, respondent offered in evidence the files in no. 1511, September term, 1934, as evidence that the matter was res judicata and rested, without prejudice to the right to submit factual testimony in defense if the court should refuse to entertain the plea of res judicata.

We are satisfied that res judicata is a good defense and the libel must be dismissed.

Libellant's theory is that the lapse of time and the persistence in the separation from 1936 to the present time constitutes a "continual desertion" of more than two years since the order of court of March 13, 1936. The theory is untenable. In the previous case it was necessary for the court to find as facts that there was no wilful and malicious desertion and that the wife's admitted absence from the habitation of the husband for a period of two years was based on reasonable cause. As to these basic facts, the judgment in no. 1511, September term, 1934, is conclusive in a subsequent action between the same parties. For a discussion of the principles involved, see Brobston v. Darby Borough, 290 Pa. 331. See also 15 Standard Pennsylvania Practice 360, sec. 447, as applied to divorce. But the same proof of wilful and malicious

desertion is offered now, which was denied by the previous judgment. Hence the case for libellant falls for that reason alone.

Libellant thinks the additional lapse of time constitutes something in the nature of a new desertion. All it constitutes is an additional period of absence from the habitation of the husband and there is not a scintilla of evidence offered to prove that such absence was without reasonable cause, as required by The Divorce Law. It is not for the wife, whose withdrawal from the home was based on reasonable cause, to make an offer to return to a husband who has done nothing on his part to promote a reconciliation or to provide for her what the law requires him to do, a suitable home consistent with his circumstances, but a home of their own.

Now, January 10, 1940, the libel is dismissed at cost of libellant.