## BRUSZEWSKI v. UNITED STATES WAR SHIPPING ADMINISTRATION.

### No. 189 of 1945.

United States District Court
E. D. Pennsylvania.

Feb. 14, 1950.

Abraham E. Freedman, of Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Thomas E. Byrne, Jr., of Krusen, Evans & Shaw, Philadelphia, Pa., Gerald A. Gleeson, U. S. Atty., Philadelphia Pa., James P. McCormick, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

GANEY, District Judge.

A stevedore concern, plaintiff's employer, had undertaken to repair a broken boom on the vessel George Read. Plaintiff was one of the group of longshoremen specially assigned to do the repairing while it was docked at Philadelphia. On November 9, 1943, he was injured by a falling block

which had become disengaged from the broken boom as it was being raised by his fellow employees. On March 6, 1944, he brought a civil action against the Isthmian Steamship Company for the injury sustained by him. Jurisdiction of the district court was based on diversity. The asserted legal basis for the action was negligence and breach of warranty for seaworthiness of the boom and its tackle. In its answer to the complaint, filed June 3, 1944, Isthmian averred that it operated the vessel as a general agent under an agency agreement with the War Shipping Administration and that the United States was the owner of the vessel.

At the trial before a jury, a verdict was directed in favor of Isthmian for the reason that plaintiff had failed to sustain its burden in proving negligence and that Isthmian had not warranted the seaworthiness of the defective boom and tackle. The denial of plaintiff's motion to vacate the judgment entered on the verdict was affirmed[1]. Bruszewski v. Isthmian Steamship Co., 3 Cir., 163 F.2d 720, certiorari denied 333 U.S. 828, 68 S.Ct. 451. On June 28, 1945, twenty-three days after judgment had been entered on the verdict, plaintiff brought this suit against the respondent, Isthmian's principal. The cause of action set forth in the libel, except for a few minor changes in phraseology, is identical to the one which was asserted against the General Agent in the civil action.

Respondent's motion to dismiss raises the question whether the judgment in favor of the general agent is a bar to this suit against the principal under the doctrine of res judicata.

 It is settled law that a principal is liable for the torts of his agent committed within the scope of its authority. It is also now settled that the general agent, under the standard form agency agreement with the War Shipping Administration, is not an owner pro hac vice of the vessel and it can be sued for its own torts. Caldarola v. Eckert, 1947, 332 U.S. 155, 67 S.Ct. 1569, 91 L.Ed. 1968. Whether plaintiff was aware that the United States was Isthmian's principal prior to the time that he brought his civil action, we do not know. He was put on notice, however, of that fact by Isthmian's answer to the complaint. Although he could not have joined the United States as a defendant in the civil action, he could have brought suit against it in admiralty. If this suit had been brought prior to the trial in the civil action, he could have moved to transfer the latter action to the admiralty side for the purpose of consolidation. Had he done so, all interested parties would have been joined in one suit. Instead he elected to prosecute his action, which he had a perfect right to do against Isthmian, on the civil side so as to obtain the benefit of trial by jury.

 Plaintiff contends that since the parties to the civil action are not the same as those in this suit, the doctrine of res judicata does not apply. The parties need not always be the same in order that the doctrine may be invoked. The doctrine, where applicable, applies not only between the same parties but also to those in privity with them. Baltimore Steamship Co. v. Phillips, 1927, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069. Under certain circumstances a person vicariously liable for the acts of another may be considered "in privity" with that other within the meaning of the doctrine. The rule is aptly set forth in Sec. 99 of the Restatement of Judgments. That section states: "A valid judgment on the merits and not based on a personal defense, in favor of a person charged with the commission of a tort or a breach of contract, bars a subsequent action by the plaintiff against another responsible for the conduct of such person if the action is based solely upon the existence of a tort or breach of contract by such person, whether or not the other person has a right of indemnity". The case usually cited for this rule is Portland Gold Mining Co. v. Stratton's Independence, 8 Cir., 1907, 158 F. 63. Also see Bigelow v. Old Dominion Copper Co., 1912, 225 U.S. 111, 127-128, 32 S.Ct. 641, 56 L.Ed.

1. The opinion of the District Court is reported at D.C.E.D.Pa., 66 F.Supp. 210, 1946 A.M.C. 223.

1009; United States v. Sinclair Refining Co., 10 Cir., 1942, 126 F.2d 827, 831.

In the case before us respondent had not warranted the seaworthiness of the defective boom and its tackle as to this particular plaintiff. Therefore it can not be held liable under the holding of Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099. Bruszewski v. Isthmian Steamship Co., supra. The only ground upon which it may be held answerable for plaintiff's injury is its responsibility for the negligent acts of its General Agent. In the civil action plaintiff failed to prove that the General Agent was negligent. A judgment was entered against him on the merits. He may not have another day in court; the judgment in favor of the General Agent is a complete bar to this suit. Brailas v. United States, D.C.S.D.N.Y., 79 F.Supp. 963, 1948 A.M.C. 1218.

Motion granted.

2. See Brobston v. Darby Borough, 1927, 290 Pa. 331, 339, 138 A. 849, 851, 54 A.L.R. 1285; Freeman, Judgments, 5th Ed., Sec. 469, p. 1031; 30 Am.Jur., Judgments, Secs. 248, 249.